# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 14, 2007

## JACKIE R. RUSSELL v. RICKY BELL, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 87-F-2309     J. Randall Wyatt, Jr., Judge**

───────────

**No. M2007-01298-CCA-R3-HC - Filed January 11, 2008**

───────────

The Petitioner, Jackie R. Russell, appeals the summary dismissal of his petition seeking a writ of habeas corpus. The Petitioner alleges that his sentence was unconstitutionally imposed based on Blakely v. Washington, 542 U.S. 296 (2004). Following a review of the record, we conclude that the Petitioner has failed to allege any ground that would render the judgments of conviction void. The judgment of the Davidson County Criminal Court summarily dismissing the petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Jackie R. Russell, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Lisa Naylor, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In 1988, a jury found the Petitioner guilty of one count of first degree burglary, one count of aggravated sexual battery, two counts of aggravated rape of one victim, and twelve counts of aggravated rape of another victim. The Petitioner received a total effective sentence of 147 years and 6 months[1] in the Department of Correction. See State v. Jackie Ray Russell, No. 89-114-III,

───────────

[1] The trial court ordered that the two counts of aggravated rape of P.H. (both sixty-five-year sentences) be served concurrently with each other and that the twelve counts of aggravated rape of C.P. (all sixty-five-year sentences) be served concurrently with each other. See Russell, 1990 WL 3368, at *2. The trial court then ordered that the sentences for the rapes against the individual victims be served consecutively to each other and to the Petitioner's conviction for first degree burglary (twelve years and six months). Id.

1990 WL 3368, at *1 (Tenn. Crim. App., Nashville, Jan. 19, 1990), perm. to appeal denied, (Tenn. Mar. 26, 1990). This Court affirmed the Petitioner's convictions and sentences on direct appeal. Id.

The Petitioner later sought post-conviction relief on the basis that trial counsel rendered ineffective assistance. See Jackie Ray Russell v. State, No. 01-C-01-9207-CC-00238, 1993 WL 39746 (Tenn. Crim. App., Nashville, Feb. 18, 1993, perm. to appeal denied, (Tenn. June 1, 1993). The post-conviction court denied relief, and this Court affirmed. Id.

On April 18, 2007, the instant petition for habeas corpus relief was filed.[2] While the petition is somewhat rambling and redundant, the crux of the Petitioner's argument on appeal is that the sentences imposed by the trial court were unconstitutional because they were not set by a jury and were rendered void pursuant to the rule of law announced in the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).

The State filed a motion for summary dismissal, seeking dismissal of the petition on two grounds:  (1) that the Petitioner had failed to attach judgment forms to his petition, and (2) that a Blakely violation does not render a judgment void or apply retroactively to cases on collateral appeal. The trial court granted the State's motion and entered an order of dismissal on May 3, 2007.[3]  It is from this determination that the Petitioner now appeals.

**ANALYSIS**

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. See State v. Summers, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a  defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A sentence imposed in direct contravention of a statute is illegal and thus void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the

---

[2]  In the petition, the Petitioner states that this is his second application for habeas corpus relief but contends that his claim has not been previously raised in a "meaningful manner." He further submits that the prior proceeding is not attached to the present petition "due to loss during transferring from one institutions [sic] to another . . . ."

[3]  The trial court dismissed the petition on procedural grounds—the petition did not contain a copy of the judgment forms. However, the judgment forms do appear in the record before this Court. We will address the petition on the merits.

-2-

record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner argues that he is entitled to habeas corpus relief because his sentence was imposed under the 1982 Sentencing Reform Act, which he alleges is unconstitutional in view of Blakely. He thus alleges that his sentence was imposed in violation of his right to a jury trial as set forth in Blakely.

The Petitioner's claim must fail because even if a Blakely violation occurred, the violation would only render the judgment voidable, not void. See Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App., Nashville, Nov. 13, 2007) (citing Archer, 851 S.W.2d 157; Taylor, 995 S.W.2d 78). Additionally, in the post-conviction setting, this Court has previously held that Blakely does not apply retroactively to cases on collateral appeal. See id. (citing Timothy R. Bowles v. State, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *2-3 (Tenn. Crim. App., Nashville, May 1, 2007), and the cases cited therein).

The Petitioner sentences were within the applicable range of punishment under the 1982 Sentencing Reform Act. See Tenn. Code Ann. §§ 39-2-603, -606, -3-401 (1982). The Petitioner's judgments of conviction are not void. The sentence of confinement has not expired. Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

The Petitioner has failed to present any evidence that his sentence has expired or that his conviction is void. Accordingly, the judgment of the habeas corpus court summarily dismissing the petition for a writ of habeas corpus is affirmed.

_____
DAVID H. WELLES, JUDGE