IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2008

## JOHNNY JUSTIN POSTLES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6189      Joseph H. Walker, III, Judge**

_____

**No. W2007-02871-CCA-R3-HC  - Filed June 30, 2008**

_____

The Petitioner, Johnny Justin Postles, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief attacking his convictions for criminal trespass, simple assault, aggravated burglary, aggravated assault, and misdemeanor theft.  On appeal, he argues that he is entitled to habeas corpus relief because the court reporter failed to file verbatim records with the clerk of the court in violation of Tennessee Code Annotated section 40-14-307(a). Following a review of the record, we conclude that the Petitioner has failed to allege any ground that would render the judgments of conviction void or his sentence illegal. The judgment of the habeas corpus court summarily dismissing the petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Johnny Justin Postles, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter and Deshea Dulany, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On January 25, 2005, a Madison County jury found the Petitioner guilty of criminal trespass (Class C misdemeanor), assault (Class A misdemeanor), aggravated burglary (Class C felony), aggravated assault (Class C felony), and theft (Class A misdemeanor).  See State v. Johnny J. Postles, No. W2005-01641-CCA-R3-CD, 2006 WL 3371415, at *1-2 (Tenn. Crim. App., Jackson, Nov. 20, 2006), perm. to appeal denied, (Tenn. Mar. 19, 2007); see also Tenn. Code Ann. §§ 39-13-101(a)(1)-(3) (assault), -13-102(c) (aggravated assault), -14-103 (theft), -14-403 (aggravated burglary), -14-405(a)(1) (criminal trespass).  The Petitioner received a total effective sentence of five and one-half years incarceration plus two jail terms of eleven months and twenty-nine days. See id.

at *1. This Court affirmed the Petitioner's convictions on direct appeal. See id. at *5. According to the petition, the Petitioner has a petition for post-conviction relief pending "at Jackson."

On November 19, 2007, the instant pro se petition for habeas corpus relief was filed. While the petition itself is somewhat rambling, the crux of the Petitioner's argument on appeal[1] is that he is being confined on an illegal and void judgment imposed in direct contravention of an express statutory provision, Tennessee Code Annotated section 40-14-307, requiring a court reporter to file verbatim records with the clerk of the court.

The habeas corpus court entered an order of dismissal on November 29, 2007, finding that the Petitioner had failed to state a cognizable claim for habeas corpus relief and, insofar as the pleading was to be considered as a petition for post-conviction relief, it was time-barred. It is from this determination that the Petitioner now appeals.

**ANALYSIS**

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. State v. Summers, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A sentence imposed in direct contravention of a statute is illegal and thus void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn.2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner argues that he is entitled to habeas corpus relief based upon the failure of the court reporter to comply with his or her "mandatory statutory duty [pursuant to Tennessee Code Annotated section 40-14-307] to file verbatim records with the clerk of the court necessary for full appellate review on the merits." Section 40-14-307(a) provides as follows:

---

[1] The Petitioner raised an additional issue in his petition, that the indictments rendered against him were invalid. He does not present this issue for our review.

A designated reporter shall attend every stage of each criminal case before the court and shall record verbatim, by a method prescribed or approved by the administrative director, all proceedings had in open court and other proceedings as the judge may direct. The reporter shall attach the reporter's official certificate to the records so taken and promptly file them with the clerk of the court, who shall preserve them as a part of the records of the trial.

The Petitioner cites to <u>Tucker v. Meadows</u>, 234 F. Supp. 882 (M.D. Tenn. 1964): "Failure of court reporter contrary to mandatory statutory duty to . . . file . . . transcript necessary for full appellate review on merits . . .violated . . . due process clause of the Fourteenth Amendment, and defendant was thus entitled to habeas corpus relief." In contrast to that case, the Petitioner here was not deprived of his right to directly appeal his convictions. <u>See</u> <u>Postles</u>, 2006 WL 3371415. This Court's opinion on direct appeal includes a summary of the testimony presented at the Petitioner's jury trial, indicating the presence of a verbatim transcript. <u>See</u> <u>id</u>. Moreover, the Petitioner attached to his petition what appears to be a partial copy of the trial transcript. In any event, we know of no authority that supports a conclusion that a violation of section 40-14-307 alone renders a judgment of conviction void.

The Petitioner's sentences were within the applicable range of punishment under the 1989 Sentencing Reform Act. <u>See</u> Tenn. Code Ann. §§ 40-35-111, -112. The Petitioner's judgments of conviction are not void. The sentence of confinement has not expired. Accordingly, the Petitioner is not entitled to relief.

**CONCLUSION**

The Petitioner has failed to demonstrate that his sentence has expired or that his conviction is void. Accordingly, the judgment of the habeas corpus court summarily dismissing the petition for a writ of habeas corpus is affirmed.

_____
DAVID H. WELLES, JUDGE

-3-