IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## RAYMOND BELCHER v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 07-02-0283     Joe H. Walker, III, Judge**

_____

**No. W2008-00310-CCA-R3-HC  - Filed August 8, 2008**

_____

The petitioner, Raymond Belcher, appeals the Hardeman County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Because the petitioner has failed to establish that his conviction is void or his sentence illegal, we conclude that the State's motion is well-taken.  Accordingly, we affirm the lower court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant**
**to Rule 20, Rules of Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Raymond Belcher, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In May 2007, the petitioner pled guilty in the Coffee County Circuit Court to aggravated assault in exchange for a nine-year sentence as a multiple offender.  On January 2, 2008, he filed a petition for writ of habeas corpus in the Hardeman County Circuit Court, alleging that his sentence was illegal because it was not specifically ordered to be served consecutively to the sentence for an offense for which he was on probation or parole at the time he committed the aggravated assault.  On January 15, 2008, the habeas court summarily dismissed the petition without the appointment of counsel or an evidentiary hearing, concluding that the petitioner had not made a cognizable claim for habeas corpus relief.  On February 8, 2008, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

The petitioner asserts that "by virtue of not specifying on the Judgment Order," the trial court illegally ordered that his nine-year sentence for aggravated assault be served concurrently to his three-year sentence for sale of cocaine, an offense for which he was "out on probation/parole" at the time of his commission of the instant offense. The State asserts that there is nothing on the face of the petitioner's judgment to show an illegal sentence, pointing out that the judgment form for the petitioner's October 2005 sale of cocaine reflects that he was ordered to serve sixty days of a three-year sentence before being released on probation, not parole. Citing Hogan v. Mills, 168 S.W.3d 753, 757 (Tenn. 2005), the State further argues that even if the petitioner was on parole such that the mandatory consecutive sentencing statute applies, there is nothing on the face of the judgment to show that the trial court illegally ordered concurrent sentencing, and thus, the petitioner has failed to establish a ground for habeas corpus relief. We agree with the State.

The determination of whether to grant habeas corpus relief is a question of law. See Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In this case, the petitioner has not met his burden of establishing that his sentence is illegal. As the State noted, the judgment form for his sale of cocaine offense, entered on October 31, 2005, reflects a three-year sentence as a Range I offender with the petitioner to serve sixty days in the Department of Correction prior to being released on probation. Furthermore, our supreme court has concluded that a petitioner is not entitled to habeas corpus relief on the ground that his judgment fails to explicitly provide for consecutive sentencing because when consecutive sentencing is mandated, "the new sentences run consecutively to the prior sentence even if the judgment is silent in this regard." Hogan, 168 S.W.3d at 756.

## CONCLUSION

-2-

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE