IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2009

## DANNY RAY LACY v. CHERRY LINDAMOOD, WARDEN, AND STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 14516    Jim T. Hamilton, Judge**

**No. M2009-00072-CCA-R3-CO - Filed September 22, 2009**

The Petitioner, Danny Ray Lacy, was convicted by a jury of first degree murder and sentenced to life without parole. The Petitioner filed a petition for habeas corpus relief, contending that his conviction was void due to erroneous jury instructions at trial and ineffective assistance of counsel. The Wayne County Circuit summarily dismissed the petition, finding that the Petitioner had failed to state a cognizable claim for relief. After our review of the record, we agree and affirm the order summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Danny Ray Lacy, Waynesboro, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In 1996, a Madison County jury convicted the Petitioner of first degree felony murder in the perpetration of aggravated child abuse, resulting in the death of the Petitioner's girlfriend's five-year-old son. See Tenn. Code Ann. § 39-13-202(a)(4) (Supp. 1994). Thereafter, the jury sentenced him to life without the possibility of parole. That judgment was affirmed on direct appeal. See State v. Lacy, 983 S.W.2d 686 (Tenn. Crim. App. 1997), perm. to appeal denied, (Tenn. Sept. 21, 1998). Later, the Petitioner sought post-conviction relief alleging ineffective assistance of counsel. The

post-conviction court denied relief, and this Court affirmed.  See Danny Ray Lacy v. State, No. W2000-01898-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 434[1] (Tenn. Crim. App., June 7, 2001).

The Petitioner filed a petition for a writ of habeas corpus on November 7, 2008.  As grounds for relief, the Petitioner argued (1) that the trial court failed to properly instruct the jury in two respects, charging second degree murder as a lesser included offense and including the definition of "intentional," and (2) that trial counsel was ineffective for failing to object to these erroneous instructions.

The State filed a motion for summary dismissal, seeking dismissal on the basis that the Petitioner failed to raise a cognizable claim for relief, i.e., he had failed to assert grounds to show that his judgment was void or that his sentence had expired.  The State contended that the Petitioner's argument that the trial court provided erroneous instructions to the jury and the ensuing ineffectiveness of trial counsel for not challenging those instructions, at most, rendered his conviction only voidable, not void.  The Petitioner filed an answer to the State's motion, merely restating the issues as originally presented in the petition.  The habeas corpus court granted the State's motion and dismissed the petition by order filed on December 12, 2008.  It is from the order of summary dismissal that the Petitioner appeals.

**Analysis**

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo.  See Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007).  The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief.  See Tenn. Const. art. I, § 15.  However, the grounds upon which habeas corpus relief will be granted are very narrow.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable.  Id.  A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993).  On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity.  Taylor, 995 S.W.2d at 83.  A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence.  Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).  Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void.  Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In this case, the Petitioner claims that: (1) the trial court committed plain error by charging second degree murder as a lesser included offense of first degree murder for the reckless killing of a child by aggravated child abuse; (2) because the mens rea for his crime was recklessness, the trial

---

[1]  Only the LexisNexis citation is currently available.

court erred by providing the jury with the definition of "intentional," thereby, lowering the State's burden of proof; and (3) trial counsel was ineffective for failing to object to the unconstitutional jury charge. He has not met his burden of demonstrating that his conviction is void; none of these claims, even if true, would give rise to a void judgment. The Petitioner's challenges to the jury instructions and allegation of ineffective assistance of counsel, even if proven, would render his conviction voidable, not void. See Rain Thomas Chesher v. Stephen Dotson, Warden, No. W2008-00739-CCA-R3-HC, 2008 WL 3892017, (Tenn. Crim. App., Jackson, Aug. 22, 2008), perm. to appeal denied, (Tenn. Jan. 20, 2009); Ronald Eugene Gilmore v. Kenneth Locke, Warden, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *4 (Tenn. Crim. App., Nashville, Mar. 30, 2006) ("'Erroneous jury instructions meet none of the . . . requirements for habeas corpus relief. The only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous jury instructions is by petition for post conviction relief.'") (quoting Willie Edward Thornton v. Fred Raney, Warden, No. 02C01-9302-CC-00025, 1994 WL 25827, at *1 (Tenn. Crim. App., Jackson, Jan.26, 1994)); John Haws Burrell v. Howard Carlton, Warden, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2 (Tenn. Crim. App., Knoxville, Mar. 8, 2005) (concluding that petitioner's argument that trial court provided erroneous instructions to jury, even if true, "would merely render the convictions voidable, not void"); State ex rel. Darron Clayton v. Tony Parker, Warden, No. W2004-00001-CCA-R3-HC, 2005 WL 127131, at *1 (Tenn. Crim. App., Jackson, Jan. 21, 2005) ("[A] a challenge to the jury instructions on lesser offenses does not result in a void judgment."); Vance McCaslin v. State, No. 01C01-9611-CC-00480, 1998 WL 44919, at *1 (Tenn. Crim. App., Nashville, Feb.5, 1998) ("As a general rule, neither erroneous jury instructions nor the ineffective assistance of counsel entitle a petitioner to habeas corpus relief. Even if taken as true, such allegations only render a conviction voidable, not void.")

The Petitioner's lawful sentence has not expired, and the sentencing court had jurisdiction and authority to enter the judgment against him. Because the petition did not state a cognizable claim for habeas corpus relief, summary dismissal was proper.

**Conclusion**

Accordingly, we affirm the Wayne County Circuit Court's summary dismissal of the petition for habeas corpus relief.

_____
DAVID H. WELLES, JUDGE