IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2010

## GENE SHELTON RUCKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 4147     Cheryl  Blackburn, Judge**

---

**No. M2010-01344-CCA-R3-HC - Filed February 2, 2011**

---

The Petitioner, Gene Shelton Rucker, appeals the habeas corpus court's summary dismissal of his petition for habeas corpus relief from his convictions for criminally negligent homicide and aggravated arson.  In his petition, he asserts that his sentence is illegal because it was improperly enhanced in violation of the United States Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004).  Following our review of the record and the applicable authorities, we conclude that principles of res judicata dictate that this issue not be relitigated. The order of dismissal is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgement of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and J.C. McLin, JJ., joined.

Gene Shelton Rucker, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brett Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Factual Background

On November 1, 2001, a Hamilton County jury convicted the Petitioner of aggravated arson and criminally negligent homicide.  The trial court sentenced the Petitioner to concurrent terms of two years at 30% for the criminally negligent homicide conviction and twenty-two years at 100% for the aggravated arson conviction. His convictions and sentence were affirmed by this Court on direct appeal, and our supreme court denied permission to

appeal. See State v. Gene Shelton Rucker, Jr., No. E2002-02101-CCA-R3-CD, 2004 WL 2827004 (Tenn. Crim. App., Knoxville, Dec. 9, 2004), perm. to appeal denied, (Tenn. Mar. 21, 2005). On December 6, 2006, the Petitioner filed an "amended" petition for post-conviction relief. See Gene S. Rucker v. State, No. E2007-00380-CCA-R3-PC, 2007 WL 2405133, at *1 (Tenn. Crim. App., Knoxville, Aug. 24, 2007). Because no post-conviction filing had preceded the December 6, 2006 "amended" petition, the post-conviction court treated the "amended" petition as the Petitioner's original filing for post-conviction relief. See id. The post-conviction court then held that the petition was barred by the one-year statute of limitations, and this Court affirmed the decision. See id. On January 4, 2010, the Petitioner filed a motion for relief from judgment pursuant to Tennessee Rule of Civil Procedure 60.02 in the Hamilton County Criminal Court. See Gene Shelton Rucker v. State, No. E2010-00440-CCA-R3-HC, 2010 WL 4324320 (Tenn. Crim. App., Knoxville, Nov. 1, 2010), perm. to appeal filed, (Tenn. Nov. 29, 2010). The lower court treated this motion as a petition for writ of habeas corpus and denied relief without an evidentiary hearing. Id. This Court affirmed on appeal. Id.

On September 9, 2009, the Petitioner filed an application for a writ of habeas corpus in the Davidson County Criminal Court, the county where is presently incarcerated. The Petitioner presented the same claim for relief as he did in his "motion for relief from judgment," mainly that his sentence was illegally enhanced in violation of the United States Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004) (the Sixth Amendment's jury trial guarantee prohibits judges from imposing a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant), and its progeny, because the Tennessee sentencing scheme was unconstitutional. The Petitioner makes no mention of the prior proceeding in this Court, stating only that the present petition is his first application for the writ of habeas corpus. The habeas corpus court denied the petition, and the Petitioner now appeals from this ruling.[1]

**Analysis**

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas

---

[1] In his ambiguous petition, the Petitioner makes broad statements about his sentence being imposed in direct contravention of statutory provisions, stating that he cannot be both a standard offender, with release eligibility after 30%, and a violent offender, with release eligibility after 100%. Because criminally negligent homicide is not a violent offense but aggravated arson is, see Tennessee Code Annotated section 40-35-501(1), we agree with the habeas corpus court that the Petitioner was not sentenced in direct contravention of any statute and that the trial court had the authority to sentence the Petitioner. However, we do not determine this allegation to be the cornerstone of the habeas corpus petition. Moreover, the issue argued on appeal relates primarily to the Petitioner's allegation of an "enhanced" sentence in violation of Blakely.

-2-

corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A sentence imposed in direct contravention of a statute is illegal and, thus, void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In our opinion affirming the denial of the Petitioner's first application for habeas corpus relief, this Court stated the following:

> The Petitioner only challenges the legality of the judgment against him due to the alleged Blakely violation in his sentencing. We note that claims that a sentence was enhanced in violation of a petitioner's Sixth Amendment rights have been repeatedly held to be inappropriate for habeas corpus review. See, e.g., Gary Wallace v. State, No. W2007-01949-CCA-R3-CO, 2008 WL 2687698, at *2 (Tenn. Crim. App. July 2, 2008); Glen Cook v. State, No. W2006-01514-CCA-R3-PC, 2008 WL 821532, at * 10 (Tenn. Crim. App. Mar. 27, 2008); Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App. Nov. 13, 2007).

Rucker, 2010 WL 4324320, at *2.

Again, the Petitioner advances the same argument in the instant case as he did in his "motion for relief from judgment" or first habeas petition. Because this Court previously denied relief on this very claim, principles of res judicata dictate that this issue not be relitigated. See James Yates v. State, No. W2005-01047-CCA-R3-HC, 2005 WL 2759737, at *2 (Tenn. Crim. App., Jackson, Oct. 25, 2005).

**Conclusion**

Based upon the foregoing, the judgment of the Davidson County Criminal Court is affirmed.

_____

DAVID H. WELLES, JUDGE