# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 16, 2011

## QUINTON ALBERT CAGE v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5891      Lynn W. Brown, Judge**

---

**No. E2011-01609-CCA-R3-HC - Filed July 10, 2012**

---

The Petitioner, Quinton Albert Cage, filed a petition for a writ of habeas corpus, alleging that his convictions and sentences were illegal because the United States Constitution did not authorize the Tennessee Legislature to create criminal statutes. Upon motion by the State, the habeas court dismissed the petition without an evidentiary hearing, finding that the Petitioner failed to demonstrate that his judgments were facially void and noting that nothing on the face of the judgments indicated that the underlying sentences were invalid. Following our review of the record and applicable authorities, we affirm the summary dismissal by the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Quinton Albert Cage, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On December 2, 1994, a Montgomery County jury convicted the Petitioner of aggravated rape, especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and reckless endangerment with a deadly weapon. After a sentencing hearing on January 13, 1995, the Petitioner received sentences of twenty-five years for aggravated rape twenty years for especially aggravated kidnapping; eight years for aggravated robbery; three

years for attempted aggravated robbery; and two years for reckless endangerment. The sentences for especially aggravated kidnapping, aggravated rape, aggravated robbery, and reckless endangerment were ordered to run consecutively; the sentence for attempted aggravated robbery was ordered to run concurrently with the other sentences. See State v. Quinton Cage, No. 01C01-9605-CC-00179, 1999 WL 30595 (Tenn. Crim. App. Jan. 26, 1999).

On June 3, 2011, the Petitioner filed a petition for habeas corpus relief. In the petition, he alleged that the United States Constitution did not grant authority to the Tennessee legislature to enact criminal laws. As a result, he insisted that his convictions were illegal and that the judgments were void. In response to the allegations, the State filed a motion to dismiss the petition on June 30, 2011. Before the Petitioner responded, the habeas court issued an order on July 13, 2011, granting the State's motion. The habeas court granted relief finding that "[n]othing in the petition would support a finding that the petitioner's conviction[s are] void or that his sentence has expired."

## ANALYSIS

The Petitioner contends that the habeas court committed error in dismissing his petition for relief without allowing him to respond to the State's motion to dismiss. The Petitioner also contends that the trial court lacked subject-matter jurisdiction to convict and sentence him because the United States Constitution did not grant Tennessee's Legislature the authority to enact criminal statutes. He explains that the Tennessee Legislature's unauthorized creation of criminal statutes under the premise of dual sovereignty "deprive[s] him of the privilege and immunity from double jeopardy[.]" The Petitioner further contends that his indictments did not have the appropriate signatures.[1] The State responds that the habeas court properly dismissed the petition for relief without a hearing because the Petitioner's judgments are, at best, voidable because neither the face of the judgments nor the record of proceedings indicate that the trial court was without jurisdiction to determine the case. The State also responds that even if the indictment at issue had not been properly endorsed, this allegation would not merit habeas relief. Addressing the merits of the petition, the State further responds that the trial court possessed and properly exercised its territorial jurisdiction, that the Tennessee Legislature derives its authority to create criminal statutes from the United States Constitution's grant of police powers to the states, and that the state constitution provides for the creation of courts.

---

[1] This argument was not included in the petition for relief.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. TENN. CONST. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Our review of the record indicates that the Petitioner failed to establish by a preponderance of the evidence that his convictions and sentences are void. The State asserts that the Petitioner's judgments are, at best, merely voidable because addressing the issues raised by the Petitioner would require evidence beyond the face of the judgment, and we agree. See Taylor, 995 S.W.2d at 83. The Petitioner simply alleges that the Tennessee Legislature was not granted the authority to create state criminal statutes from the U.S. Constitution. This argument goes beyond questioning whether the court had subject-matter jurisdiction and, in essence, questions the state's authority to create the criminal statutes that the courts are charged with applying. This alleged "defect" is not at all apparent from the judgment or record of proceedings.

Turning to the Petitioner's claim that the Tennessee Legislature does not have the authority to create criminal statutes, we note that the Constitution does require a distinction between what is truly national and what is truly local. U.S. v. Lopez, 514 U.S. 549, 568 (1995). "The United States Constitution created a federal government of limited powers, while reserving a generalized police power to the states. As a general rule, the possession and enjoyment of all rights are subject to a reasonable exercise of the police power of the states, and that the police power extends to all great public needs." 16A C.J.S. Const. Law §611 (2012); see U.S. v. Morrison, 529 U.S. 598, 612-18 (2000). The regulation and punishment

of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States. Morrison, 529 U.S. at 618; see, e.g., Cohens v. Virginia, 6 Wheat. 264, 426, 428, 5 L.Ed. 257 (1821) (Marshall, C.J.) (stating that Congress "has no general right to punish murder committed within any of the States," and that it is "clear ... that congress cannot punish felonies generally"). Indeed, we can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims. Id.; see, e.g., Lopez, 514 U.S., at 566, 115 S.Ct. 1624 ("The Constitution ... withhold[s] from Congress a plenary police power").

> Within the realm of police power, the legislature may act in any matter that falls within the dictates of the constitution expressly or by necessary implication. In fact, according to some authorities, the ability of the state to provide for the health, safety and welfare of the citizen is inherent in the police power without any express statutory or constitutional provision. It extends to all matters which concern the regulation and control of the internal affairs of the state, and may even directly affect the internal affairs of a business or industry, as long as the legislation is neither arbitrary nor discriminatory.

16A C.J.S. Const. Law §611 (2012); see East N.Y. Sav. Bank v. Hahn, 326 U.S. 230, 232-33 (1945); see generally Queenside Hills Realty Co. v. Saxl, 328 U.S. 80, 82 (1946) (The court stated that it was "not concerned with the wisdom of this [state] legislation or the need for it[ and that p]rotection of the safety of persons is one of the traditional uses of the police power of the States.").

We, therefore, reject the argument that only the federal government may regulate criminal conduct occurring wholly intrastate. "In our constitutional system, it is the sovereign states that possess general 'police powers.'" SNPCO, Inc. v. City of Jefferson City, --- S.W.3d ----, 2012 WL 987998, at *3 (Tenn. 2012); see Medtronic, Inc. v. Lohr, 518 U.S. 470, 475 (1996); Estrin v. Moss, 430 S.W.2d 345, 348 (1968). State governments have the authority to enact any laws that are reasonably related to the health, safety, welfare, and morals of its citizens, subject only to the constraints imposed by the federal and state constitutions, and states may delegate these police powers to local governments. SNPCO, Inc., --- S.W.3d ----, 2012 WL 987998, at *3; see Motlow v. State, 145 S.W. 177, 188-89 (1912); see also State ex rel. Lightman v. City of Nashville, 60 S.W.2d 161, 162 (1933) (discussing the State's ability to delegate powers to local governments).

Basically, the Petitioner's assertions amount to no more than a claim that the trial court erred in exercising jurisdiction that it clearly possessed under the governing criminal and sentencing statutes and the Tennessee Constitution, as the state constitution provides for

the creation of courts of general, special, or limited jurisdiction. TENN. CONST. amend. VI, §1; see also Tenn. Code Ann. § 16-1-101. Additionally, as there is no allegation that the court departed from the mandates of the lawfully-enacted statutes criminalizing the Petitioner's behavior, the habeas court was correct in concluding that the trial court did not commit error in exercising its jurisdiction.

Briefly addressing the Petitioner's claim that the indictment lacked the appropriate signatures, we must first note that this argument was not included in his petition for relief, and the habeas court did not have an opportunity to address this issue. This court has repeatedly held that we will not review issues that are raised for the first time on appeal. Regardless, the issue is without merit. Even assuming that the indictment at issue had not been properly endorsed, this allegation would not merit habeas relief. See Milburn L. Edwards v. Cherry Lindamood, Warden, No. M2006-01092-CCA-R3-HC, 2007 WL 152233 at * 1 (Tenn. Crim. App. Jan. 17, 2007). This court has previously held that an allegation regarding the lack of the district attorney's signature on an indictment will not warrant habeas relief.[2] Derrick Richardson v. Virginia Lewis, Warden, and the State of Tennessee, No. E2005-00817-CCA-R3-HC, 2006 WL 3479530, at *2 (Tenn. Crim. App. Dec. 1, 2006).

CONCLUSION

Based upon the foregoing reasoning and authorities, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
D. KELLY THOMAS, JR., JUDGE

---

[2] The Petitioner never specifies which signatures were missing from the indictments.