# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### TERRY V. JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 6239     Stacy L. Street, Judge**

**No. E2013-01466-CCA-R3-HC - Filed January 30, 2014**

The pro se petitioner, Terry V. Johnson, appeals as of right from the Johnson County Circuit Court's order denying his petition for writ of habeas corpus alleging that his 2005 conviction for sale of less than .5 grams of cocaine is void because the trial court failed to award pretrial jail credit. The State has filed a motion to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Terry V. Johnson, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clark B. Thornton, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

A Rutherford County Criminal Court jury convicted the petitioner of one count of sale of less than .5 grams of cocaine, and the trial court sentenced the petitioner to 15 years' incarceration as a career offender. On direct appeal, this court affirmed the petitioner's conviction and sentence. *State v. Terry V. Johnson*, No. M2005-01585-CCA-R3-CD (Tenn. Crim. App., at Nashville, June 12, 2006). The petitioner then filed a timely petition for post-conviction relief alleging that his convictions resulted from the ineffective assistance of counsel. Following an evidentiary hearing, the post-conviction court denied relief. This

court affirmed the post-conviction court's denial of relief on direct appeal. *Terry B. Johnson v. State*, M2009-02125-CCA-R3-PC (Tenn. Crim. App., at Nashville, Nov. 29, 2010), *perm. app. denied* (Tenn. Mar. 10, 2011).

On April 5, 2013, the petitioner filed a petition for writ of habeas corpus alleging that his conviction was void due to the trial court's disclosure of prejudicial information to the jury, the deprivation of his right to confrontation, the ineffective assistance of counsel relative to counsel's failure to call the confidential informant as a witness at trial, and the trial court's failure to award pretrial jail credit. In support of his claim of deprivation of pretrial jail credit, the petitioner attached to the pleading an excerpt from a presentence investigation report stating that "[t]here may be jail credit" concerning the judgment and the judgment of conviction showing that no pretrial jail credit had been awarded. The trial court found that the petitioner failed to establish a claim for habeas corpus relief and summarily dismissed the petition.

The petitioner filed a timely notice of appeal to this court. On appeal, the petitioner contends that the presentence investigation report establishes his entitlement to pretrial jail credit. The State contends that the documentation does not establish entitlement to pretrial jail credit and that the petitioner would not be entitled to pretrial jail credit because the 15-year sentence was ordered to be served consecutively to those imposed in other cases and any other paroled or unserved sentences. The State asks that the trial court's denial of relief be affirmed via memorandum opinion. *See* Tenn. Ct. Crim. App. R. 20.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

This court has determined that the failure to award pretrial jail credit is a cognizable claim in a habeas corpus proceeding. *See Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). Tennessee Code Annotated section 40-23-101 provides, in pertinent part,

as follows:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.

*Tenn. Code Ann.* § 40-23-101(c). The trial court is statutorily required to credit a petitioner with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged conviction. *Tucker*, *335 S.W.3d* at 123. The failure of the trial court to credit a petitioner with the credits mandated under Code section 40-23-101(c) contravenes the requirements of that statute and, therefore, results in an illegal sentence, a historically cognizable basis for habeas corpus relief. *Id.*

In our view, however, the petitioner failed to attach sufficient proof to establish that he was entitled to pretrial jail credit in this case. The judgment clearly indicates that the trial court ordered the 15-year sentence to be served consecutively to the sentences in two separate cases and "any other case [the petitioner was] on parole for or serving." The record reflects that the appellant was incarcerated for a parole violation when served with the arrest warrant concerning the challenged offense. Under these circumstances, the petitioner would not be entitled to pretrial jail credit for the time served in jail pending the entry of judgment in this case. *See Tucker*, 335 S.W.3d at 123 (stating that a defendant is entitled to pretrial jail credit only for time spent incarcerated on the challenged offense); *see also*, *State v. Michael W. Poe*, E2010-00220-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Feb. 23, 2011) (ruling that defendant not entitled to pretrial jail credit for time spent incarcerated on a separate probation violation), *perm. app. denied* (Tenn. May 27, 2011).

Accordingly, we affirm the judgment of the Johnson County Circuit Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE

-3-