IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 6, 2005 Session

## RICKEY HOGAN v. DAVID G. MILLS, WARDEN, ET AL.

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Lauderdale County**
**No. 5806     Joe H. Walker, III, Judge**

**No. W2004-00182-SC-R11-HC - Filed June 27, 2005**

We granted this appeal to determine whether habeas corpus relief is available when:  (1) the trial court imposed concurrent sentences for two offenses committed by the petitioner while on parole; and (2) the trial court failed to order these new sentences to be served consecutively to the remaining sentence for the paroled offense.  We conclude that the sentences are not illegal under either claim and that the petitioner is not entitled to habeas corpus relief.  Accordingly, we reverse the judgment of the Court of Criminal Appeals and reinstate the trial court's judgment dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals**
**Reversed; Judgment of the Trial Court Reinstated**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Kathy Denise Aslinger, Assistant Attorney General, for the appellant, State of Tennessee.

Joe H. Byrd, Jr., Jackson, Tennessee, for the appellee, Rickey Hogan.

**OPINION**

In 1981, the petitioner, Rickey Hogan, pleaded guilty to robbery and received a five-to-ten-year sentence.  In 1985, Hogan pleaded guilty to second degree murder and robbery with a deadly weapon.  He received concurrent forty-year sentences for the 1985 convictions.

In 2003, Hogan filed a pro se petition for writ of habeas corpus.  Although Hogan states in the petition that his concurrent sentences are illegal, the factual basis for the claim is not clear.  The petition may be read to allege that the 1985 sentences are illegal because they run concurrently with each other or because they run concurrently with the 1981 sentence.  Hogan attached various

documents to his petition supporting his assertion that he was on parole for his 1981 conviction when he committed the offenses resulting in his 1985 convictions. These documents indicate that after the 1985 convictions the Board of Paroles declined to impose the balance of the sentence for the 1981 conviction.

The trial court summarily dismissed Hogan's petition. Hogan appealed the dismissal. The Court of Criminal Appeals held that concurrent sentences for his 1985 convictions would directly contravene Tennessee Rule of Criminal Procedure 32(c)(3) and, therefore, would be illegal if Hogan was on parole when he committed these offenses. The intermediate appellate court reversed the trial court's judgment and remanded the case to determine whether the records of Hogan's 1985 convictions contain satisfactory proof that Hogan was on parole when he committed these offenses. We granted the State's application for permission to appeal.

## ANALYSIS

Whether habeas corpus relief should be granted is a question of law. Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004). Therefore, our review is de novo with no presumption of correctness given to the lower court's judgment.

The grounds upon which habeas corpus relief is available are narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). A petitioner is entitled to habeas corpus relief only if the petition establishes that the challenged judgment is void, rather than merely voidable. Id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void "only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted). A void or illegal sentence is one whose imposition directly contravenes a statute. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A voidable conviction or sentence is valid on its face and requires evidence beyond the face of the record or judgment to demonstrate its invalidity. Taylor, 995 S.W.2d at 83 (citations omitted). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. Tenn. Code Ann. § 29-21-109 (2000); Hickman, 153 S.W.3d at 20.

Tennessee Rule of Criminal Procedure 32(c)(3) lists the instances in which consecutive sentences are mandatory. Rule 32(c)(3) provides:

Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

(A) To a sentence for a felony committed while on parole for a felony;

(B) To a sentence for escape or for a felony committed while on escape;

(C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and

(D) Any other ground provided by law.

Rule 32(c)(3) mandates consecutive sentences when: (1) a defendant is convicted of multiple offenses from one trial or has additional sentences not yet fully served resulting from prior convictions; and (2) the law requires that the new offense(s) be served consecutively to the prior offense(s). Subparts (A) through (D) list the circumstances under which "the law requires consecutive sentences."

Rule 32(c)(3)(A) requires that the sentence imposed for the offense committed while on parole run consecutively to the sentence for the felony for which the offender was on parole. The Court of Criminal Appeals, however, held that this rule also requires that all sentences imposed for felonies committed while the offender was on parole run consecutively to one another. The State asserts that the Court of Criminal Appeals reached a decision contrary to the plain language of Rule 32 and prior authority because this Rule requires only that a defendant who commits multiple offenses while on parole for a felony serve the sentences for the new offenses consecutively to the prior sentence.

We agree with the State that Rule 32(c)(3) creates no new circumstances in which consecutive sentencing must be imposed. Subparts (A) through (D) simply reiterate those instances in which consecutive sentencing is mandated by statute. Subpart (A) is the equivalent of Tennessee Code Annotated section 40-28-123(a) (2003), which provides in pertinent part:

> Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole.

Both Tennessee Code Annotated section 40-28-123(a) and Rule 32(c)(3)(A) require that sentences for felonies committed while on parole be served consecutively to the sentence remaining for the paroled offense.

The remaining provisions of Rule 32(c)(3) also follow statutory provisions mandating consecutive sentencing. Subpart (B) tracks Tennessee Code Annotated section 39-16-605(c) (2003), which requires that a sentence resulting from a conviction for escape from a penal institution "be served consecutively to the sentence being served or sentence received for the charge for which the person was being held at the time of the escape." Subpart (C) mirrors section 40-20-111(b) (2003), which requires that a defendant convicted of both a felony committed while released on bail and the

offense from which the defendant was on bail when he committed the felony serve his sentences consecutively. Subpart (D) is a catch-all provision for statutes mandating consecutive sentences that are not enumerated in subparts (A) through (C).

Rule 32(c)(3)(A) does not require Hogan's 1985 sentences to be served consecutively to each other, and we are aware of no other basis for requiring consecutive sentences for these offenses. Accordingly, concurrent forty-year sentences for Hogan's 1985 convictions are not illegal, and Hogan is not entitled to habeas corpus relief on this ground.

Furthermore, Hogan is not entitled to relief on the ground that the judgments for the 1985 convictions do not explicitly provide that the sentences are to be served consecutively to the sentence for the 1981 conviction. Rule 32(c)(3) mandates that new sentences run consecutively to the prior sentence "whether the judgment explicitly so orders or not." Thus, the new sentences run consecutively to the prior sentence even if the judgment is silent in this regard.

The present case is distinguishable from McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001). As part of a plea agreement, McLaney received concurrent sentences for convictions for rape, aggravated rape, and burglary. In a petition for writ of habeas corpus, McLaney asserted that he had been charged with rape and released on bail when he committed the subsequent rape and burglary offenses. The Court held that, if the facts were as alleged, the trial court imposed a sentence in direct contravention of Tennessee Rule of Criminal Procedure 32(c)(3)(C) because the judgments explicitly ordered concurrent sentences for all of the offenses. McLaney, 59 S.W.3d at 93. If, as McLaney alleged, he was on bail when he committed the new offenses, then the judgments were void because the illegality of the sentence was evident from the face of the judgments. Id. at 94. The Court remanded the case to the trial court for a determination of whether McLaney was on bail when he committed the offenses at issue. Id. at 95.

In the present case, however, the judgments for Hogan's 1985 convictions are silent as to whether the sentences are to be served concurrently or consecutively to his prior sentence. Moreover, the judgments themselves do not refer to Hogan's prior conviction or his parole status. The record before this Court does not indicate that the trial court was even aware of Hogan's parole status in sentencing him for the 1985 convictions. Hogan has failed to establish that the trial court imposed sentences concurrent with Hogan's prior felony sentence in contravention of Rule 32(c)(3)(A).[1] Accordingly, because no illegality of the sentence is evident on the face of the judgments for Hogan's 1985 convictions, the judgments are at most voidable and not void.

**CONCLUSION**

We conclude that neither the trial court's imposition of concurrent sentences for Hogan's 1985 convictions nor the trial court's failure to explicitly order these sentences to run consecutively

---

[1] Any challenge to the Board of Paroles' calculation of Hogan's effective sentence must be presented in an administrative proceeding, not a habeas corpus action. See Norton v. Everhart, 895 S.W.2d 317, 321-22 (Tenn. 1995).

to the sentence for Hogan's 1981 conviction renders the sentences illegal. Thus, Hogan is not entitled to habeas corpus relief. Accordingly, we reverse the judgment of the Court of Criminal Appeals and reinstate the trial court's judgment dismissing the petition for writ of habeas corpus.

Because the record indicates that the petitioner, Rickey Hogan, is indigent, costs of this appeal are taxed to the State of Tennessee.

_____
JANICE M. HOLDER, JUSTICE