IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2009

## DEXTER JOHNSON v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County
No. 5284     Lynn W. Brown, Judge**

_____

**No. E2008-02032-CCA-R3-HC - Filed January 27, 2010**

_____

The petitioner, Dexter Johnson, filed a petition in the Johnson County Criminal Court seeking habeas corpus relief from his multiple felony convictions. The petitioner argued that because the trial court failed to enumerate enhancing and mitigating factors on the record and because the judgments of conviction fail to specify whether his sentences are to be served concurrently or consecutively, his convictions and sentences are therefore void. The habeas corpus court dismissed the petition, and the petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Dexter Johnson, Mountain City, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The record before us reveals that on February 11, 1994, the petitioner pled guilty to two counts of first degree murder, one count of attempt to commit first degree murder, and one count of attempted aggravated burglary. The plea agreement provided that the petitioner would receive a sentence of life in prison for the two first degree murder convictions, twenty-five years for attempt to commit first degree murder, and six years for attempted

aggravated burglary, with the sentences to run concurrently. Subsequently, the petitioner filed a petition for post-conviction relief. The post-conviction court dismissed the petition, and, on appeal, this court affirmed the dismissal. Dexter Johnson v. State, No. 03C01-9503-CR-00088, 1996 WL 49252, at *1 (Tenn. Crim. App. at Knoxville, Feb. 13, 1996). Thereafter, the petitioner filed three unsuccessful petitions for habeas corpus relief. See Dexter Frank Johnson v. Tony Parker, Warden, No. E2006-00313-CCA-R3-HC, 2007 WL 1259205 (Tenn. Crim. App. at Knoxville, Apr. 30, 2007); Dexter Frank Johnson v. State, No. E2004-01260-CCA-R3-HC, 2004 WL 1945744 (Tenn. Crim. App. at Knoxville, Sept. 2, 2004); Dexter Johnson v. State, No. 03C01-9707-CR-00241, 1999 WL 41837 (Tenn. Crim. App. at Knoxville, Feb. 2, 1999).

Undaunted by his previous unavailing attempts to obtain relief, on June 24, 2008, the petitioner filed a fourth petition for habeas corpus relief. In the petition, the petitioner alleged that his sentences were void because of the trial court's failure to state on the record the enhancement and mitigating factors used to determine the length of his sentences. Additionally, the petitioner alleged that his judgment forms do not reflect whether his sentences were to be served concurrently or consecutively. Therefore, the petitioner asked the habeas corpus court to find that his sentences and convictions were void.

The State filed a motion to dismiss the petition, arguing that when the trial court imposed the sentence, it did not make findings regarding enhancement and mitigating factors because the sentences were part of the petitioner's plea agreement. The State further argued that concurrent sentencing was part of the plea agreement and that, moreover, Tennessee Rule of Criminal Procedure 32 provides that when a judgment is silent as to concurrent or consecutive sentencing, the sentence shall run concurrently. The habeas corpus court found that the State's motion to dismiss was well-taken because nothing in the petition supported a finding that the petitioner's convictions were void or that his sentences had expired. Accordingly, the habeas corpus court dismissed the petition. On appeal, the petitioner contests this ruling.

## II. Analysis

As we earlier stated, the petitioner complains that the trial court did not enunciate on the record the enhancement and mitigating factors used to determine his sentences. However, the State correctly notes that the petitioner's sentences were the result of a plea agreement; therefore, the trial court was not obligated to make specific findings on the record regarding enhancement and mitigating factors. See Gary Preston Price v. Tony Parker, Warden, No. E2009-01202-CCA-R3-HC, 2009 WL 3255675, at *2 (Tenn. Crim. App. at Knoxville, Oct. 12, 2009).

The petitioner also complains that his judgments are silent as to whether his sentences are to be served concurrently or consecutively. As the State correctly observes, the petitioner's plea agreement provided that the sentences were to be served concurrently with each other. Further, Rule 32(c)(1) of the Tennessee Rules of Criminal Procedure provides that "[u]nless it affirmatively appears that the sentences are consecutive, they are deemed to be concurrent." Therefore, we conclude that there is no illegality evident on the face of the judgments. See Hogan v. Mills, 168 S.W.3d 753, 757 (Tenn. 2005). Accordingly, we conclude that the habeas corpus court did not err in dismissing the petition.

## III. Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE