IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 6, 2007

**STATE OF TENNESSEE v. RICKEY HOGAN**

**Appeal from the Criminal Court for Shelby County**
**No. 84-06114-15   W. Fred Axley, III, Judge**

_____

**No. W2006-01337-CCA-R3-CO  - Filed June 7, 2007**

_____

Following the failure of two writs of habeas corpus to alter his sentence, Appellant filed a Motion to Correct Clerical Error pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure. The trial court dismissed his motion because it was too vague and did not allege an intelligible and colorable claim. This Court dismisses the appeal because there is no appeal as of right from a Motion to Correct Clerical Error.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and ALAN E. GLENN, JJ., joined.

Rickey Hogan, Pro Se, Henning, Tennessee

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Sean W. Lyons, Assistant District Attorney General,for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Prior to this appeal, Appellant filed two *pro se* petitions for habeas corpus relief. Both petitions were dismissed by the habeas corpus courts. The first dismissal was affirmed by our supreme court and the second dismissal was affirmed by this Court. Our supreme court summarized the procedural history as follows:

In 1981, the petitioner, Rickey Hogan, pleaded guilty to robbery and received a five-to-ten-year sentence. In 1985, Hogan pleaded guilty to second degree murder and robbery with a deadly weapon. He received concurrent forty-year sentences for the 1985 convictions.

In 2003, Hogan filed a *pro se* petition for writ of habeas corpus. Although Hogan states in the petition that his concurrent sentences are illegal, the factual basis for the claim is not clear. The petition may be read to allege that the 1985 sentences are illegal because they run concurrently with each other or because they run concurrently with the 1981 sentence. Hogan attached various documents to his petition supporting his assertion that he was on parole for his 1981 conviction when he committed the offenses resulting in his 1985 convictions. These documents indicate that after the 1985 convictions the Board of Paroles declined to impose the balance of the sentence for the 1981 conviction.

The trial court summarily dismissed Hogan's petition. Hogan appealed the dismissal. The Court of Criminal Appeals held that concurrent sentences for his 1985 convictions would directly contravene Tennessee Rule of Criminal Procedure 32(c)(3) and, therefore, would be illegal if Hogan was on parole when he committed these offenses. The intermediate appellate court reversed the trial court's judgment and remanded the case to determine whether the records of Hogan's 1985 convictions contain satisfactory proof that Hogan was on parole when he committed these offenses. We granted the State's application for permission to appeal.

*Hogan v. Mills*, 168 S.W.3d 753, 754-55 (Tenn. 2005). Our supreme court went on to reverse this Court's judgment stating:

Hogan is not entitled to relief on the ground that the judgments for the 1985 convictions do not explicitly provide that the sentences are to be served consecutively to the sentence for the 1981 conviction. Rule 32(c)(3) mandates that new sentences run consecutively to the prior sentence "whether the judgment explicitly so orders or not." Thus, the new sentences run consecutively to the prior sentence even if the judgment is silent in this regard.

*Id.* at 756.

Appellant subsequently filed a second petition for habeas corpus relief. *See Rickey Hogan v. Tony Parker*, No. W2006-01199-CCA-R3-HC, 2007 WL 778830 (Tenn. Crim. App., at Jackson, March 15, 2007). This petition included three issues, the first of which is identical to that presented to our supreme court, "that his 1985 sentences violate Tennessee Code Annotated section 40-28-

123(a) and Rule 32(c)(3)(A) of the Tennessee Rules of Criminal Procedure because he was on parole for the 1981 offense when the 1985 offenses were committed, and thus the 1985 sentences must be served consecutively to the 1981 sentence." *Rickey Hogan*, 2007 WL 778830, at * 2. The other two issues are that "the Department of Correction has miscalculated the expiration date of his sentence, 'under orders of the Parole Board, . . . .'" and "the Department of Correction has illegally altered the length of his sentence." *Id.* This Court affirmed the habeas corpus court's dismissal of Appellant's petition on the grounds that our Supreme Court had already addressed the first issue and a habeas corpus petition is not the appropriate remedy for complaints against the Board of Paroles' calculation of his sentence or the Department of Correction's implementation of his sentence. *Id.* at * 3.

After the failures of his petitions for habeas corpus relief, it appears Appellant attempted to attack his sentence by yet another avenue and filed a "Motion to Correct Clerical Error in Judgment." The trial court denied the motion stating, "the Petition has failed to establish that this Court should grant his Motion to Correct Clerical Error in Judgment in that his motion is too vague and does not allege a colorable or intelligible claim or remedy." Appellant filed a timely notice of appeal.

## ANALYSIS

In this appeal, Appellant raises various issues. However, this Court will only address the question of whether this appeal must be dismissed because there is no provision for it in the law. Rule 3(b) of the Tennessee Rules of Appellate Procedure states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). A trial court's denial of a defendant's Rule 36 motion to correct judgment is not included in Rule 3. *Ciondre T. Moore v. State*, No. E2005-02492-CCA-R3-CD, 2006 WL 2706143, at *2-3 (Tenn. Crim. App., at Knoxville, Sept. 18, 2006); *Terry Penny v. State*, No. E2004-01735-CCA-R3-PC, 2005 WL 3262929, at *2 (Tenn. Crim. App., at Knoxville, Dec. 2, 2005), *perm. app. denied*, (Tenn. March 27, 2006); *State v. Cecil Moss*, No. M2005-00279-CCA-R3-CO, 2005WL

3100097, at *3 (Tenn. Crim. App., at Nashville, Nov. 18, 2005), *perm. app. denied*, (Tenn. March 27, 2006).  Therefore, Appellant does not have an appeal as of right.

## **CONCLUSION**

For the foregoing reasons, this appeal is dismissed.

_____
JERRY L. SMITH, JUDGE