# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 21, 2014 at Knoxville

## KEVIN DAWS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henderson County**
**No. 99-073-1    Roy B. Morgan, Jr., Judge**

---

**No. W2014-01002-CCA-R3-CO  - Filed January 8, 2015**

---

The Appellant, Kevin Daws, filed a Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence.  The trial court summarily dismissed the Appellant's motion, and he appealed.  Following our review of the record, we conclude that the Appellant's motion fails to present a colorable claim that his sentences were illegal.  We, therefore, affirm the trial court's summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Kevin Daws, *pro se*, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Jerry Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

On May 12, 2014, the Appellant filed the instant *pro se* "Motion Pursuant to Tennessee Rules of Criminal Procedure Rule 36.1 to Correct an Illegal Sentence," asserting that the trial court violated Tennessee Code Annotated section 40-20-111(b) by running "Case No. 99-CR-540 concurrent with Case No. 990731."  On May 16, 2014, the trial court dismissed the Appellant's motion finding that the Appellant failed to state a colorable claim because the "court record in Henderson County Circuit Court No. 99-073-1 fails to reflect

any agreement or plea that allowed Defendant's sentences to run concurrently with any other sentence." We agree with the trial court.

According to the Rule 36.1 motion, the Appellant was arrested on August 9, 1998, (Case No. 99-CR-540[1]) and was released on bail. While out on bail, he committed and was arrested for aggravated robbery and possession of a weapon (Case No. 99-073-1).

On December 2, 1999, the Appellant pleaded guilty to aggravated robbery in Count 1 of Case No. 99-073-1 and was sentenced to eight years and pleaded guilty to possession of a weapon in Count 2 of Case No. 99-073-1 and was sentenced to two years. The judgments show that the sentences in Count 1 and Count 2 were ordered to be served concurrently. The judgments do not state that the sentences in Case No. 99-073-1 will run concurrently with Case No. 99-CR-540. In fact, the judgments in Count 1 and Count 2 in Case No. 99-073-1 make no reference whatsoever to Case No. 99-CR-540.

**Analysis**

The Appellant contends that his motion to correct an illegal sentence raised a colorable claim, and therefore, the trial court erred when it summarily dismissed the motion.

On July 1, 2013, Tennessee Rule of Criminal Procedure 36.1 became effective. Rule 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014).

---

[1]The Appellant's motion does not state in what county or for what offenses he was arrested on August 9, 1998. The Appellant did not attach or include any documents related to Case No. 99-CR-540 with his motion. Based on the trial court's order, it appears that Case No. 99-CR-540 is out of Decatur County.

On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty. Also, Rule 36.1 does not define the term "colorable claim." In interpreting Rule 36.1, this Court has looked to post-conviction and habeas corpus relief cases for guidance. For example, this Court has adopted the definition for "colorable claim" from the post-conviction context: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tennessee Supreme Court Rule 28, § 2(H)) (citation omitted).

Tennessee Code Annotated section 40-20-111(b) provides that if a defendant commits a felony while released on bail and is convicted of both offenses, the trial judge has no discretion as to whether the sentences shall run concurrently or cumulatively but must order that the sentences run cumulatively. Tenn. Code Ann. § 40-20-111 (1990) (employing the term "cumulatively" rather than the term "consecutively"). Similarly, Rule 32(c)(3)(C), which mandates consecutive sentences when a defendant commits a felony while released on bail and is eventually convicted of both offenses, provides:

> (3) Mandatory Consecutive Sentences. When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony;
> (B) to a sentence for escape or for a felony committed while on escape;
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and
> (D) for any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3)(C) (1990).

Because the Henderson County judgments are silent as to whether the sentences run consecutively or concurrently with any prior sentence or felony for which the Appellant was released on bail, the eight-year Henderson County sentence would, by rule, run consecutively to any such sentences. As explained by our Supreme Court:

Rule 32(c)(3) mandates that new sentences run consecutively to the prior sentence "whether the judgment explicitly so orders or not." Thus, the new sentences run consecutively to the prior sentence even if the judgment is silent in this regard.

Hogan v. Mills, 168 S.W.3d 753, 756 (Tenn. 2005).

We recognize that any sentences in Case No. 99-CR-540 may not be the "prior" sentence and that any judgment in Case No. 99-CR-540 that was entered after entry of the judgments in the case now on appeal (Case No. 99-073-1) might provide for concurrent service of the 99-CR-540 sentence with the earlier sentences imposed in Case No. 99-073-1. The Appellant, however, has elected to challenge the sentencing provision in Case No. 99-073-1, and as we have said, these judgments do not mention Case No. 99-CR-540. We have no challenge to sentencing of the Appellant in Case No. 99-CR-540 before us.

The motion filed by the Appellant, even if taken as true and in the light most favorable to the Appellant, fails to establish that the sentences in Henderson County Circuit Court No. 99-073-1 were ordered to be served concurrently with Decatur County Case No. 99-CR-540. We conclude that the Appellant's motion does not present a colorable claim that his sentence was illegal.

## Conclusion

Based on the foregoing, we affirm the trial court's summary dismissal of the Rule 36.1 motion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE