IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 9, 2014

## STATE OF TENNESSEE v. KEVIN M. THOMPSON A.K.A. KEVIN M. ALBERT

**Appeal from the Criminal Court for Hamilton County**
**Nos. 222104, 222105, 222353, 231805, 205561, 205489    Barry A. Steelman, Judge**

_____

**No. E2014-01358-CCA-R3-CD – Filed April 1, 2015**

_____

TIMOTHY L. EASTER, J., dissenting.

I respectfully dissent with the conclusions of the majority that Defendant's late filing of his notice of appeal should be waived and that Defendant has stated a colorable claim for relief, entitling him to the appointment of counsel and a hearing.

The majority states that Defendant's filing "is only three days late." I agree that Defendant is a pro se litigant and thus entitled to lenity. The Rules of Appellate Procedure provide for such. However, the rules place on an incarcerated pro se litigant the burden of establishing compliance with the filing requirements of the notice of appeal if the timeliness of filing becomes an issue. *See* Tenn. R. App. P. 20(g). The State has made timeliness an issue and Defendant has failed to meet his burden, even if "only three days late." I fail to see how waiver of timeliness of the notice of appeal can serve the interests of justice, particularly when the offenses at issue occurred over fifteen years ago.

Further, Defendant alleges that the sentences in two of his cases—case numbers 205561 and 231805—are illegal because he committed the underlying offenses while on bail and the trial court contravened applicable law by ordering his sentences to be served concurrent to, rather than consecutive to, the sentences for which he was on bail. Notably in this case, the record contains the plea petitions and, more significantly, the judgment forms in each case. While Defendant was not required to attach such documentation to support his claim under the requirements of Rule 36.1, *see George William Brady v.*

-1-

*State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at \*6 (Tenn. Crim. App. Dec. 19, 2013), there is nothing in the Rule that prohibits the trial court—or this Court—from taking those documents into account when determining whether Defendant has presented a colorable claim.

Defendant is correct that Tennessee Rule of Criminal Procedure 32(c)(3)(C) and Tennessee Code Annotated section 40-30-111(b) mandate that sentences be served consecutively when the defendant is on bail for one offense at the time he commits the second offense. If we take Defendant's allegations as true—that he was released on bail at the time he committed the offenses in case numbers 205561 and 231805—then it would appear from the plea petitions in the record that he negotiated concurrent sentences in these two cases in direct contravention of the statute and rule. However, when we examine the judgment forms for case numbers 205561 and 231805, we observe that they are silent as to whether those sentences should run concurrently or consecutively to any other sentence. Tennessee Rule of Criminal Procedure 32(c)(3) explicitly states that "[w]hen a defendant is convicted of multiple offenses . . . and the law requires consecutive sentences, the sentence *shall* be consecutive *whether the judgment explicitly so orders or not*" (emphasis added). Because the respective judgments are silent, then by rule the sentence in case number 205561 would run consecutively to the sentence in case number 205489 and the sentence in case number 231805 would run consecutively to case numbers 222104, 222105, and 222353. *See Kevin Daws v. State*, No. W2014-01002-CCA-R3-CO, 2015 WL 112787, at \*2 (Tenn. Crim. App. Jan. 8, 2015) (quoting *Hogan v. Mills*, 168 S.W.3d 753, 756 (Tenn. 2005)). Therefore, Defendant has not made out a colorable claim that his sentences are illegal. I would affirm the trial court's summary dismissal of the petition.

_____
TIMOTHY L. EASTER, JUDGE