# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 12, 2014

## JAMES E. KENNER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-B-694      J. Randall Wyatt, Jr., Judge**

_____

**No. M2014-00613-CCA-R3-CD - Filed June 5, 2015**

_____

The appellant, James E. Kenner, filed in the Davidson County Criminal Court a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The motion was summarily denied, and the appellant appealed this ruling. Upon review, we affirm the judgment of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

James E. Kenner, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; Sophia Lee, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On August 30, 1994, the appellant was convicted in Davidson County of five counts of aggravated burglary, five counts of theft over $1000, and one count of unlawful possession of a weapon. He was sentenced as a career offender to fifteen years for each aggravated burglary conviction, twelve years for each theft conviction, and eleven months and twenty-nine days for the unlawful possession of a weapon conviction. The sentences for the theft convictions and the unlawful possession of a weapon conviction were ordered to be served concurrently with each other. The aggravated burglary sentences were to be served consecutively to each other but concurrently with the theft sentences, for a total effective

sentence of seventy-five years at sixty percent. On direct appeal, this court affirmed the appellant's convictions and sentences. State v. James E. Kenner, No. 01C01-9503-CR-00052, 1996 WL 63868 (Tenn. Crim. App. at Nashville, Feb. 13, 1996)

Much aggrieved, the appellant has repeatedly, albeit unsuccessfully, pursued relief from his convictions and sentences. See James E. Kenner v. State, No. M2011-01131-CCA-R3-CO, 2012 WL 1417230 (Tenn. Crim. App. at Nashville, Apr. 23, 2012) (post-conviction); James Earl Kenner v. Ricky J. Bell, Warden, No. M2005-00622-CCA-R3-HC, 2007 WL 2702786 (Tenn. Crim. App. at Nashville, Sept. 13, 2007) (habeas corpus); James Earl Kenner v. Ricky J. Bell, Warden, No. M2005-00622-CCA-R3-HC, 2005 WL 2139402 (Tenn. Crim. App. at Nashville, Aug. 31, 2005) (habeas corpus); James E. Kenner v. State, No. 01C01-9709-CR-00424, 1999 WL 333097 (Tenn. Crim. App. at Nashville, May 26, 1999) (post-conviction).

The instant appeal concerns the appellant's January 29, 2014 motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the appellant alleged that he was on parole for offenses in Montgomery County at the time the 1994 Davidson County offenses were committed; therefore, the trial court should have ordered the Davidson County sentences to be served consecutively to the Montgomery County sentences. In support of this contention, the appellant quotes the following short excerpts from the trial court's ruling at the sentencing hearing:

> [In 1989, the appellant was arrested for] drugs, grand larceny, burglaries. He was convicted and sent away in 1990 on those charges. And a matter of months after being paroled on those, he is back out again in 1993 again continuing to burglarize and take and steal from people who try to work and earn a living.
>
> . . . .
>
> It's also the judgment of the Court that you are an offender whose record of criminal activity is extensive. You were on parole.
>
> . . . .
>
> This section of the Code refers for some reason to probation, [i]t doesn't mention parole, unless this is an amended copy that I have. So I'm going to ignore that parole thing.

(Emphasis added by the appellant removed).

The appellant further alleged that the trial court erred by finding that he was a career offender due to prior convictions in Montgomery County. He claimed that the Montgomery County convictions were void and illegal and could not be used to determine his offender classification. He maintained that the Nineteenth Judicial District encompassed both Montgomery and Robertson Counties and that the trial court was required to select members of the grand jury and the petit jury from both counties, not just Montgomery County.

On March 3, 2014, the trial court denied the motion, saying that the appellant's "legal argument is largely incomprehensible" and "obviously frivolous." The court further noted that the appellant's sentences were examined and affirmed on direct appeal. On March 25, 2014, the appellant filed a "Motion to Alter or Amend Order Dismissing Rule 36.01 Motion to Correct an Illegal Sentence," reiterating the arguments in his January 29 motion. On March 25, 2014, in anticipation of the trial court's denying the second motion, the appellant filed a "Premature Notice of Appeal." On March 26, 2014, the trial court denied the March 25 motion. On appeal, the appellant challenges the trial court's rulings.

## II. Analysis

Historically, "two distinct procedural avenues [were] available to collaterally attack a final judgment in a criminal case – habeas corpus and post-conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004); see also State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. at Jackson, Dec. 8, 2014). However, effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended with the addition of Rule 36.1(a), which provides:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

See Secdrick L. Booker v. State, No. M2014-00846-CCA-R3-CD, 2014 WL 7191041, at *2 (Tenn. Crim. App. at Nashville, Dec. 18, 2014). If the motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). "A sentence is not illegal when it is 'statutorily available but ordinarily inapplicable to a given defendant'; rather, an illegal sentence is one that is 'simply unavailable under the Sentencing Act.'" State v. Adrian R. Brown, No.

E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *3 (Tenn. Crim. App. at Knoxville, Oct. 29, 2014) (quoting Cantrell v. Easterling, 346 S.W.3d 445, 454 (Tenn. 2011)), application for perm. to appeal filed, (Mar. 16, 2015). Although Rule 36.1 does not define what constitutes a "colorable claim," this court has adopted the following definition: "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [the appellant] to relief." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. at Jackson, Aug. 13, 2014) (internal quotation marks and citation omitted). The requirements for a Rule 36.1 motion are more lenient than for a habeas corpus petition; notably, in a Rule 36.1 motion, a defendant is required only to state a colorable claim in his motion but is not required to attach supporting documents in order to survive summary dismissal, and the motion may be filed "at any time." See State v. Sean Blake, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *2 (Tenn. Crim. App. at Jackson, Jan. 8, 2015); State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *2 (Tenn. Crim. App. at Knoxville, Dec. 26, 2014).

The appellant claims that Tennessee Rule of Criminal Procedure 32 mandated that his Davidson County sentences be served consecutively to the Montgomery County sentences for which he was on parole at the time he committed the Davidson County offenses. We agree that "Rule 32(c)(3)(A) requires that the sentence imposed for the offense committed while on parole run consecutively to the sentence for the felony for which the offender was on parole." Hogan v. Mills, 168 S.W.3d 753, 755-56 (Tenn. 2005). However, we note that the judgments of conviction are silent as to whether the instant sentences are to be served consecutively to the Montgomery County sentences. Rule 32(c)(3) expressly provides that "the sentence shall be consecutive whether the judgment explicitly so orders or not." Accordingly, we conclude that the judgments are not illegal or in need of correction. See Kevin Daws v. State, No. W2014-01002-CCA-R3-CO, 2015 WL 112787, at *2 (Tenn. Crim. App. at Jackson, Jan. 8, 2015).

In connection with the aforementioned claim, the appellant asserts that the trial court's statement that it was "going to ignore that parole thing" reflects an intention by the trial court to violate Rule 32(c)(3)(A), which mandates consecutive sentencing for "a sentence for a felony committed while on parole for a felony." We disagree. The trial court was clearly referring to Tennessee Code Annotated section 40-35-115(6) (1993), which provided for permissive consecutive sentencing when an offender is "sentenced for an offense committed while on probation." However, this court has previously explained that "[t]he term 'probation' is not synonymous with the term 'parole' for purposes of Tennessee Code Annotated section 40-35-115." State v. Tracy Thomas Hepburn, No. M2008-01979-CCA-R3-CD, 2010 WL 2889101, at *10 (Tenn. Crim. App. at Nashville, July 23, 2010).

As an alternative to his claim that the trial court should have ordered his Davidson

-4-

County sentences to be served consecutively to the Montgomery County sentences, the appellant argues that his Montgomery County convictions, which were used to enhance his Davidson County sentences, were void. He complains that members of the Montgomery County Grand Jury that indicted him were chosen from residents of Montgomery County, not from both of the counties comprising the Nineteenth Judicial District. He contends that selecting a jury from a single county within a judicial district, instead of from the district as a whole, violates Tennessee Code Annotated sections 16-2-506 and 16-2-510(c), and deprives the trial court of subject matter jurisdiction and renders the indictment and resulting convictions void.

Tennessee Code Annotated section 16-2-501(a), which was enacted in 1984, explained that the purpose of the legislation was "to reorganize the existing trial court system of this state in such a way that its growth occurs in a logical and orderly manner." Within Part 5, the legislature created thirty-one judicial districts. Tenn. Code Ann. § 16-2-506. The Nineteenth Judicial District was comprised of Montgomery and Robertson Counties. Tenn. Code Ann. § 16-2-506(19)(A)(1)(i).

The appellant contends the establishment of judicial districts "stripped original jurisdiction from the County courts [and] in the same stroke abolished and outlawed the operation of County juries, (grand or petit) and replaced them with 'District juries and District Criminal Courts.'" We note, however, that the legislature specifically provided that the reorganization of the trial court system did "not have as its purpose the abolition of any court or judicial office." Tenn. Code Ann. § 16-2-501(a). Therefore, the long-standing process for trying an offender in the county in which a crime was committed by a jury that was selected from that county was not abolished by the creation of judicial districts. See also Tenn. Const. art. I, § 9; Tenn. Code Ann. §§ 22-2-201, 40-1-108. Therefore, the appellant's argument is unavailing.

Regardless, we conclude that the appellant's assertions do not constitute a colorable claim for relief under Rule 36.1. Joe Clark Mitchell v. State, No. M2014-00754-CCA-R3-CD, 2015 WL 2400239, at *3 (Tenn. Crim. App. at Nashville, May 20, 2015). The appellant's challenge to the process of choosing members of grand juries or petit juries in Montgomery County, even if taken as true, would affect his Montgomery County convictions. A challenge to the validity of a conviction is more properly addressed in a petition for a writ of habeas corpus. Accordingly, the appellant is not entitled to relief.

### III.  Conclusion

Finding no error, we conclude that the trial court did not err by dismissing the appellant's motion to correct an illegal sentence.

_____
NORMA McGEE OGLE, JUDGE