IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 27, 2015

## STATE OF TENNESSEE v. AMILCAR C. BUTLER

**Appeal from the Criminal Court for Sumner County**
**No. 8159     Dee David Gay, Judge**

_____

**No. M2015-01053-CCA-R3-CD – Filed February 11, 2016**

_____

The defendant, Amilcar C. Butler, appeals the denial of his Rule 36.1 motion to correct an illegal sentence. On appeal, he argues that he illegally received concurrent sentences when he should have received consecutive sentences. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, and D. KELLY THOMAS, JR., JJ., joined.

Amilcar C. Butler, Pollock, Louisiana, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Tracy L. Alcock, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

The defendant committed four offenses in Sumner County, and his sentences were all ordered to be served concurrently with one another. He now claims that these sentences are illegal because he was out on bail for a separate offense in Davidson County when he committed some of his Sumner County offenses. On May 20, 1994, the defendant pled guilty in the Sumner County Criminal Court to sale of cocaine greater than 0.5 grams, sale of cocaine greater than 26 grams, evading arrest, and felony reckless

endangerment. *State v. Amilcar Cabral Butler*, No. M2007-00644-CCA-R3-CD, 2007 WL 2949023, at \*1 (Tenn. Crim. App. Oct. 10, 2007). There is no date of the commission of the offenses on the judgment, but the defendant claims that he committed the offense of sale of cocaine greater than 0.5 grams on May 13, 1993, and committed the remaining three offenses on June 2, 1993. All four sentences were ordered to be served concurrently for an effective sentence of ten years.

On April 20, 2015, the defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged that after he committed the offense of sale of cocaine greater than 0.5 grams, he was later arrested and released on bail for the charge of possession for resale of over 26 grams of cocaine in Davidson County. He stated that he then committed the offenses of sale of cocaine greater than 26 grams, evading arrest, and felony reckless endangerment while he was free on bail in Davidson County, making it unlawful "to run the charges concurrent with one another."

The trial court interpreted the defendant's motion as a claim that his sentences from Davidson County and Sumner County were illegally imposed concurrently. The court found that "[t]here was no mention of any Davidson County case or convictions when the [d]efendant was convicted" in Sumner County. The court observed that the defendant stated in his petition that his sentencing had been delayed for his Davidson County cases "from June 29, 1995 to August 24, 1995[,] due to an illness in Judge Shriver's family."[1] As a result, the court found that it was "clear that the Davidson County convictions came after the Sumner County convictions and that the mandatory consecutive sentence provisions of T.C.A. § 40-20-111(b)" did not apply. The court observed that for Tennessee Code Annotated section 40-20-111(b) to apply, the defendant must be convicted of both the offense for which he was on bail and the offense that he committed while released on bail. The court found that the provision was inapplicable because there was not a Davidson County conviction in existence at the time of his Sumner County convictions to align consecutively with his Sumner County convictions.

The defendant filed a timely notice of appeal, and we proceed to consider his claim.

---

[1] The source of this statement is unclear, as it does not appear in any of the documents in the record on appeal.

2

# ANALYSIS

The defendant contends that the sentences for the Sumner County offenses of sale of cocaine greater than 26 grams, evading arrest, and felony reckless endangerment were illegally aligned concurrently with his sentence for the Sumner County offense of sale of cocaine greater than 0.5 grams. Citing to Tennessee Code Annotated section 40-20-111(b), the defendant argues that because he was allegedly free on bail for the offense committed in Davidson County at the time that he committed sale of cocaine greater than 26 grams, evading arrest, and felony reckless endangerment, these sentences should have been imposed consecutively to his sentence for sale of cocaine greater than 0.5 grams.

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, __ S.W.3d __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *5 (Tenn. Dec. 2, 2015).

Tennessee Code Annotated section 40-20-111(b) provides that if a defendant commits a felony while released on bail *and is convicted of both offenses*, "the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively." (emphasis added). Tennessee Rule of Criminal Procedure 32(c)(3) also provides instances in which consecutive sentencing is mandatory:

> (3) Mandatory Consecutive Sentences. When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> > (A) to a sentence for a felony committed while on parole for a felony;
> > (B) to a sentence for escape or for a felony committed while on escape;

3

(C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses.
(D) for any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3).

The defendant's argument misinterprets Tennessee Code Annotated section 40-20-111(b). The language of the provision indicates that when a defendant commits a felony while released on bail, consecutive sentencing is required only as to the "on bail" offense and the offense committed while on bail. *See Hogan v. Mills*, 168 S.W.3d 753, 755-56 (Tenn. 2005) (concluding that the analogous Tennessee Rule of Criminal Procedure 32(c)(3)(A) did not require sentences for crimes committed while on parole to be served consecutively to each other but consecutively only to the sentence for the felony for which the petitioner was on parole). The defendant was not released on bail for the offense of sale of cocaine greater than 0.5 grams when he committed the remaining Sumner County offenses. As a result, it was not mandatory for the trial court to align these sentences consecutively. We conclude that the defendant did not receive an illegal sentence, and he is not entitled to relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

4