IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015

**STATE OF TENNESSEE v. JOHN T. DAVIS**

**Appeal from the Circuit Court for Lauderdale County**
**No. 8452, 8050, 9171      Joe H. Walker, III, Judge**

_____

**No. W2015-00445-CCA-R3-CD  -  Filed April 26, 2016**

_____

Defendant, John T. Davis, filed a motion under Tennessee Rule of Criminal Procedure 36.1 alleging that his concurrent sentences in case numbers 8050, 8452, and 9171 were illegal because he was released on parole in case numbers 8050 and 8452 at the time he committed the offenses in case number 9171. The trial court summarily dismissed the motion. After review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

John T. Davis, Memphis, Tennessee, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; and M. Michael Dunavant, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*Background*

On January 24, 2007, Defendant pleaded guilty in case number 8050 to aggravated assault, for which he received a six-year sentence. On March 30, 2007, Defendant filed a "Petition for Alternative Sentencing." A hearing was held on that same day, and Defendant was placed on community corrections with the Corrections Management Corporation (CMC). Defendant's community corrections sentence was revoked on September 29, 2008, for multiple reasons, including Petitioner's arrest on other charges.

On October 6, 2008, Defendant was charged in case number 8452 with aggravated robbery, reckless endangerment, and felony possession of a handgun. On February 11, 2009, Defendant pleaded guilty to robbery, reckless endangerment, and felony possession of a weapon, and he received an effective six-year sentence to be served concurrently with the sentence in case number 8050.

Defendant was charged on February 6, 2012, in case number 9171 with burglary, evading arrest, and felony possession of a handgun. On May 17, 2012, Defendant pleaded guilty to the charges and received a four-year sentence to be served on community corrections upon release. The "Sentencing Order" contains the following:

> **IT IS THEREFORE ORDERED** by the Court that the Defendant is sentenced to four (4) years to serve under the intensive supervision of Corrections Management Corporation pursuant to the Community Corrections Act and to serve under the terms and conditions imposed by said Corrections Management Corporation.
>
> **IT IS FURTHER ORDERED** by the Court that the Defendant will serve a period of 45 days in the Lauderdale County Jail and will be given 65 days credit. Upon completion of his parole violation sentence, the Defendant will report to the intensive supervision of Corrections Management Corporation.

(Emphasis in original). The judgments in case number 9171 do not refer to Petitioner's sentences in case numbers 8050 or 8452. Likewise, the judgments in case numbers 8050 and 8452 do not reference the sentence in case number 9171. There is a "Motion to Revoke Bond" filed in case number 9171 on April 2, 2012, which notes that Defendant was on parole in case number 8452. On September 24, 2013, the trial court entered an order noting that Defendant had received 180 months in March of 2013 in a federal court sentence and therefore could not be supervised by community corrections for the sentence in case number 9171.

On February 11, 2015, Defendant filed a motion pursuant to Tenn. R. Crim. P. 36.1 to correct illegal sentences in case numbers 8050, 8452, and 9171. The trial court entered an order on February 24, 2015, denying the motion without a hearing. The trial court found that Defendant had "failed to state a colorable claim that the sentence is illegal."

2

*Analysis*

On appeal, Defendant essentially argues that his sentence in case number 9171 is illegal because he was on parole from case numbers 8050 and 8452 when he committed the offenses in case number 9171. He contends that the sentences in case number 9171 were improperly ordered to be served concurrently to case numbers 8050 and 8452 in violation of Tenn. R. Crim. P. 32(c)(3). Therefore, according to Defendant, the trial court erred by summarily dismissing his motion pursuant to Tenn. R. Crim. P. 36.1.

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Therefore, pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Prior to the adoption of Rule 36.1, a defendant generally had to seek relief from an illegal sentence through post-conviction or habeas corpus proceedings. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011).

The Tennessee Supreme Court recently stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 also defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. 36.1(a).

3

Tennessee Code Annotated § 40-28-123(a) states in part that "[a]ny prisoner who is convicted in this state of a felony, committed on parole . . . , shall serve the remainder of the sentence under which the prisoner was paroled . . . before the prisoner commences serving the sentence received for the felony committed while on parole." Tennessee Rule of Criminal Procedure 32 provides, in pertinent part:

> When the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A)   to a sentence for a felony committed while on parole for a felony[.]

Tenn. R. Crim. P. 32(c)(3)(A). "[A] sentence ordered to be served concurrently where statutorily ordered to be served consecutively" is an illegal sentence. *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010).

As noted above, Defendant asserts that he committed the offenses in case number 9171 while he was on parole in case numbers 8050 and 8452 and that his sentences in case number 9171 were ordered to be served concurrently with the sentences in case numbers 8050 and 8452 rather than consecutively as required by Tenn. R. Crim. P. 32. In *Wooden*, the supreme court noted that Tenn. R. Crim. P. 36.1 is silent as to the "nature of the factual allegations and documentation required to state a colorable claim." *Wooden*, 478 S.W.3d at 593. The court stated:

> In the face of this silence, we turn to another rule of criminal procedure, which prescribes the form and content of motions – Tennessee Rule of Criminal Procedure 47 ("Rule 47"). Rule 47 makes clear that, unless made during a trial or a hearing, motions "shall be in writing" and "shall state . . . with particularity the grounds on which it is made [  ] and . . . the relief or order sought." Tenn. R. Crim. P. 47(b), (c). Rule 47 also permits motions to "be supported by affidavit." Tenn. R. Crim. P. 47(d).
>
> Considering the text of Rule 47, along with that of Rule 36.1, we conclude that, at a minimum, any motion filed under Rule 36.1 must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based. Additionally, the moving party may support the motion with affidavits. Finally, when determining whether a Rule 36.1 motion sufficiently states a colorable claim, a trial court may consult the record of the proceeding from which the allegedly

4

illegal sentence emanated. Indeed, by requiring Rule 36.1 motions to be filed "in the trial court in which the judgment of conviction was entered," Rule 36.1 ensured that a trial court considering a Rule 36.1 motion would have ready access to the record of the proceedings from which the allegedly illegal sentence(s) arose.

*Id*. at 593-94. The court further stated that "an appellate court may determine, in the first instance, whether the allegations of a Rule 36.1 motion, and any supporting materials, state a colorable claim for relief under Rule 36.1." *Wooden*, 478 S.W.3d at 594-95; *State v. Mark Edward Greene*, No. M2013-0217-CCA-R3-CD, 2014 WL 3530960, at *3(Tenn. Crim. App. July 16, 2014).

We conclude that Defendant's motion and the documents submitted along with it do not state a colorable claim for relief under Rule 36.1. Although Defendant claims that his sentences in 9171 were ordered to be served concurrently to the sentences in 8050 and 8452, there is nothing in the documents submitted on appeal to support this claim. The sentencing order states that "Defendant will serve a period of 45 days in the Lauderdale County Jail and will be given 65 days credit." Therefore, he has served his jail time. The sentencing order further states that Defendant does not start serving his sentence in case number 9171 until "his parole violation sentence is completed." Both the guilty plea and the judgments are silent as to whether the sentences are to be served concurrently or consecutively. Therefore, according to the sentencing order, and by operation of law, as pointed out by the State, the sentences in case number 9171 are consecutive to those in case numbers 8050 and 8452. Additionally we point out, the Tennessee Supreme Court has held that if the judgments are silent as to the consecutive or concurrent nature of the sentences and the law requires consecutive sentencing, the sentences are deemed to be consecutive under Rule 32(c)(3). *Hogan v. Mills*, 168 S.W.3d 753, 756-57 (Tenn. 2005); *see also State v. Elashanti Dean*, No. E2014-02169-CCA-R3-CD, 2015 WL 5031775, at *4(Tenn. Crim. App. Aug. 6, 2015). Defendant's sentence was lawful, and he is not entitled to relief on this issue.

Defendant also argues that his guilty plea was not "knowingly and voluntarily entered" and that the trial court did not address the "mandatory criteria set forth in 40-35-210(a) which states 'at the conclusion of a sentencing hearing, the Court shall first determine the appropriate range of sentence.'" Defendant contends that the trial court failed to consider enhancement and mitigating factors, and the trial court did not determine the "appropriate facts presented in open court." We find that these claims are not colorable under Tenn. R. Crim. P. 36.1. *State v. Dusty Ross Binkley*, No. M2014-01173-CCA-R3-CD, 2015 WL 2148950, at *4(Tenn. Crim. App. May 7, 2015)(Rule 36.1 does not apply to constitutional challenges); *State v. David Wayne Hearing*, No. E2014-01908-CCA-R3-CD, 2015 WL 2128600, at *2(Tenn. Crim. App. May 6,

2015)(Unknowing guilty plea claims are not a ground for relief under Rule 36.1); *State v. Jonathan T. Deal*, No. E2014-02623-CCA-R3-CD, 2014 WL 2802910, at *2(Tenn. Crim. App. June 17, 2014)("[T]he rule is directed at the sentence finally imposed, not the methodology by which is imposed.").  Defendant is not entitled to relief on this issue.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE