
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 8, 2016

## MACK TRANSOU v. BLAIR LEIBACK, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 16-CV-4528     John D. Wootten, Jr., Judge**

_____

### No. M2016-01147-CCA-R3-HC

_____

Petitioner, Mack Transou, appeals the summary dismissal of his fifth pro se petition for habeas corpus relief. In 1999, Petitioner pleaded guilty to driving after being declared a habitual motor vehicle offender and was subsequently incarcerated. Based on a blood sample taken from Petitioner as part of the intake process, Petitioner was later convicted, in two separate cases, of two counts of rape, one count of sexual battery, and one count of aggravated burglary. In this appeal, Petitioner argues that the habeas corpus court erred in summarily dismissing his petition. Following a review of the record, we conclude that Petitioner is collaterally estopped from challenging the validity of his blood draw. None of Petitioner's other claims state a cognizable claim for habeas corpus relief. Accordingly, we affirm the court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Mack Transou, Hartsville, Tennessee, _Pro Se_.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

### _Procedural history_

In 1999, Petitioner, Mack Transou, pleaded guilty to driving after being declared a habitual motor vehicle offender and received a two-year sentence with all but 90 days to be served on Community Corrections. "During intake processing at the prison, [the

petitioner] signed a consent form and submitted to a blood draw. A DNA analysis was performed and the results were submitted to CODIS." *Mack Transou v. Jerry Lester, Warden*, No. W2013-00293-CCA-R3-HC, 2013 WL 5745704, at *1 (Tenn. Crim. App., Oct. 21, 2013), *perm. app. denied* (Tenn., Jan. 14, 2014). Petitioner's DNA profile matched profiles developed from two unsolved rape crimes reported in 2001 and 2002, and Petitioner was charged in two separate cases. *Id*. Petitioner was convicted of two counts of rape, one count of sexual battery, and one count of aggravated burglary. Petitioner challenged the constitutionality of his blood draw on direct appeal. *Id*. The Tennessee Supreme Court found that Petitioner "validly consented to the blood draw and its subsequent analysis." *State v. Scarborough*, 201 S.W.3d 607, 622-23 (Tenn. 2006).

"At this point, the petitioner began filing multiple pleadings and motions in which he consistently asserted that his DNA profile had been unlawfully obtained." *Transou*, 2013 WL 5745704, at *1. In 2005, Petitioner filed his first petition for writ of habeas corpus, alleging that "the convictions for which he was currently confined were obtained as a result of the illegal action of the Department of Correction in obtaining the blood sample used to identify him as the perpetrator of the crimes in the later cases" and that his 1999 conviction for driving after being declared a habitual motor vehicle offender was illegal based upon a revocation of the probated portion of his sentence. *Id*. (citing *Mack Transou v. State*, No. W2005-01935-CCA-R3-HC, 2006 WL 561401, at *2 (Tenn. Crim. App., Mar. 7, 2006), *perm. app. denied* (Tenn., May 30, 2006)). The trial court denied Petitioner's request for relief, and a panel of this court affirmed. *Id*. at *2.

Petitioner filed a second petition for writ of habeas corpus relief in 2008. *Transou*, 2013 WL 5745704, at *3 (citing *Mack Transou v. State*, No. W2008-02713-CCA-R3-HC, 2009 WL 1956826, at *1 (Tenn. Crim. App., July 9, 2009), *perm. app. denied* (Tenn., Oct. 26, 2009)). The trial court dismissed the petition in part because Petitioner attempted to relitigate his DNA blood draw claim. *Id*. A panel of this court affirmed the trial court's dismissal, stating that Petitioner's "argument that the collection of his DNA was improper or unconstitutional had been previously adjudicated to be without merit." *Id*. The panel also determined that the admissibility of DNA evidence rendered a judgment voidable, not void, and did not constitute a ground for habeas corpus relief. *Id*.

Petitioner filed a third petition for writ of habeas corpus relief in 2012. *Transou*, 2013 WL 5745704, at *3 (citing *Mack Transou v. Dwight Barbee, Warden*, No. W2012-00258-CCA-R3-HC, 2012 WL 1813115, at *1-2 (Tenn. Crim. App., May 17, 2012), *perm. app. denied* (Tenn., Sept. 19, 2012)). In that petition, Petitioner alleged that the judgments regarding the probation revocation proceedings in 1999 and 2000 were illegal and void and that the State violated his constitutional rights by subjecting him to DNA testing. *Id*. The trial court dismissed the petition, in part, because the petition again

raised issues previously determined. *Id.* A panel of this court affirmed the dismissal of the petition. *Id.*

Petitioner filed a fourth petition for writ of habeas corpus in late 2012. The trial court summarily dismissed the petition. *Transou*, 2013 WL 5745704, at *4. Petitioner raised the following issues on appeal:

> (1) Whether by ignoring the prior offense illegal probation confinement issues[,] [t]here was sufficient evidence for a finding of guilt of rape and sexual battery and sentence [the petitioner] to a[n] effective term of thirty-four (34) years[;] (2) Whether [the petitioner's] 4th Amendment Right was violated by the drawing of his blood by prison nurse and/or submission of it to the TBI's Codis Crime Lab Database and subsequent analysis[; and] (3) Whether assuming the Appellant's 4th Amendment Right was violated, "then is relief afforded him by application of the burden shifting analysis?"

*Id.* A panel of this court affirmed the trial court's dismissal of the petition, stating that Petitioner again raised issues previously litigated, failed to comply with the procedural requirements for filing a writ of habeas corpus, continued to bring issues that do not constitute a ground for habeas corpus relief, and attempted to collaterally attack a "sentence in a completely separate case." *Id.* at *5.

Petitioner filed his fifth petition for writ of habeas corpus on April 21, 2016. Petitioner challenged both his jury convictions and his 2005 guilty plea to two counts of aggravated burglary and two counts of aggravated rape. The trial court denied Petitioner's request for relief, finding that the trial court had jurisdiction and statutory authority to enter the judgments; that Petitioner's claims should have been raised pre-trial or on direct appeal; and that Petitioner's judgments were not invalid on their faces.

*Analysis*

Petitioner contends that the trial court erred by denying his request for habeas corpus relief. Petitioner raises the following issues for our review:

> (1) Whether by ignoring the prior offense to the illegal status of being declared a habitual motor offender and probation violation's unlawful confinement issue. There was sufficient evidence for a finding of guilt for aggravated burglary[;]

(2) Whether Petitioner's [Fourth] Amendment right was violated by the drawing of his blood by prison nurse and/or submission of it to the T.B.I.'s Codis crime lab database and subsequent analysis based on illegal confinement and consent[;]

(3) Whether assuming the Petitioner's 4th Amendment right was violated, then is relief afforded him by the application of the burden shifting analysis[?]

Petitioner also asserts that he is entitled to habeas corpus relief because: 1) his indictment has no record attached showing what evidence was produced for the entry of the indictment; 2) he has not received a copy of the State's responses to motions he filed in 1999; and 3) he was not served with a default judgment from 1987 that declared him a habitual motor vehicle offender.

The State responds that the trial court properly denied Petitioner's request for habeas corpus relief and that none of Petitioner's claims state a cognizable ground for habeas corpus relief. The State contends that Petitioner is collaterally stopped from relitigating his blood draw for a fifth time in a habeas corpus proceeding. *See Transou*, 2013 WL 5745704, at *1-5. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). An appellate court reviews questions of law de novo with no presumption of correctness given to the findings and conclusions of the trial court. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

In Tennessee, "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101(a). Although the language of the statute is broad, "successful prosecution of the writ . . . has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). That is, a court will issue a writ of habeas corpus only where the prisoner is suffering under a void, rather than a merely voidable, judgment. See *Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007). A void judgment is one whose imposition directly contravenes a statute. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A voidable judgment is one that is facially valid and requires proof beyond the face of the judgment to establish its invalidity. *Ritchie*, 20 S.W.3d at 630-31. "A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void." *Hogan*, 168 S.W.3d at 755 (citing

- 4 -

T.C.A. § 29-21-109 (stating that a court will refuse to issue a writ of habeas corpus if the petition shows that "the plaintiff would not be entitled to any relief")).

On appeal, a court may affirm the dismissal of a habeas corpus petition on grounds other than those provided by the trial court. *See Chris Allen Dykes v. David A. Sexton, Warden*, No. E2011-00592-CCA-R3-HC, 2012 WL 601741, at *1-2 (Tenn. Crim. App., Feb. 24, 2012) (concluding that the trial court's dismissal of a habeas corpus petition should be affirmed on other grounds), *no perm. app. filed*. It is the petitioner's burden to show by a preponderance of the evidence that his sentence is void or that his confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

The State asserts that Petitioner is collaterally stopped from raising his blood draw claim. Collateral estoppel applies where the issue involved in a case has already been litigated in a prior suit between the same parties so long as the determination of the issue in the prior action was necessary to the judgment. *Scarbrough*, 201 S.W.3d at 612. "Once an issue has been actually or necessarily determined by a court of competent jurisdiction, the doctrine of collateral estoppels renders that determination conclusive on the parties and their privies in subsequent litigation, even when the claims or causes of action are different." *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001). This court has applied the doctrine of collateral estoppels to habeas corpus claims. *See Alicia Shayne Lovera v. State*, No. W2014-00794-CCA-R3-HC, 2014 WL 7432893, at *3-4 (Tenn. Crim. App., Dec. 30, 2014), (denying habeas corpus relief where a petitioner previously litigated the same issues in a post-conviction proceeding), *perm. app. denied* (Tenn., May 18, 2015).

Our supreme court determined that Petitioner gave his valid consent to the blood draw and its subsequent analysis. *Scarborough*, 201 S.W.3d at 622-23. Petitioner has attempted to raise the same issue in four other habeas corpus petitions, and this court has refused to reconsider the issue. *Transou*, 2013 WL 5745704, at *1-5. A panel of this court warned Petitioner that "[c]ontinued filing with a slight modification of his argument will not result in a different conclusion." *Id*. at *5. Therefore, we conclude that Petitioner is collaterally estopped from raising the issue of the legality of the blood draw.

Petitioner's other claims fail to raise a cognizable claim for habeas corpus relief. The judgment of conviction entered upon the Petitioner's plea of guilty is not void on its face, and the habeas corpus court did not err in denying relief without a hearing.

CONCLUSION

For the aforementioned reasons, we affirm the judgment of the habeas corpus court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE