IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**PHILLIP W. KELLEY v. SHAWN PHILLIPS, WARDEN, ET AL.**

**Appeal from the Criminal Court for Morgan County**
**No. 2016-CR-41    Jeffrey Hill Wicks, Judge**

_____

**No. E2016-01771-CCA-R3-HC**

_____

The pro se Petitioner, Phillip W. Kelley, appeals as of right from the Morgan County Criminal Court's order summarily dismissing his petition for writ of habeas corpus alleging that his 1982 convictions for three counts of first degree murder and one count of assault with intent to commit murder are void because the trial court's minutes failed to reflect the indictments. The State has filed a motion to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Phillip W. Kelley, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Senior Counsel, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 1982, a Maury County Circuit Court jury convicted the Petitioner of three counts of first degree murder and one count of assault with intent to commit murder. The Petitioner was sentenced to three life sentences and 25 years, respectively, to be served consecutively. This court affirmed his convictions and sentence on direct appeal. *State v. Kelley*, 683 S.W.2d 1 (Tenn. Crim. App. 1984).

In 1991 and by an amendment in 1998, the Petitioner sought post-conviction relief. The trial court "dismissed the post-conviction petition as untimely and substantively without merit." Phillip Wayne Kelley v. State, No. 01C01-9804-CC-00156, 1991 WL 275292, at *1 (Tenn. Crim. App. May 6, 1999). This court affirmed the denial of post-conviction relief on direct appeal. Id. at *2.

In 2014, the Petitioner filed a motion to correct illegal sentences alleging that his sentences were illegal because the trial court records failed to show a proper entry of minutes of the court. The trial court ruled that the Petitioner failed to state a colorable claim for 36.1 relief and denied the motion. This court affirmed the trial court's judgment on appeal. State v. Phillip W. Kelley, No. M2014-01230-CCA-R3-CD, 2015 WL 3473580, at *2 (Tenn. Crim. App. June 2, 2015) perm. app. denied (Tenn. Sept. 17, 2015). In affirming the judgment of the trial court, this court concluded

> The record clearly establishes that the indictments were properly entered in the Maury County Circuit Court minutes as required by Tennessee Code Annotated section 40-13-109. Specifically, the statute requires that all felony indictments returned into court by the grand jury with the endorsement a "true bill" shall be entered by the clerk with the return in full on the minutes of the court. As noted by the trial court, page 267 of State Minute Book 43 contains the report of the Maury County Grand Jury, which states that the indictments were returned "into open court" at the May 1982 term. The Petitioner"s indictments describe the offense charged, name the Petitioner, and include the findings of the Maury County Grand Jury.

Id.

On May 26, 2016, the Petitioner filed the instant petition for writ of habeas corpus alleging once again that his convictions are void because the indictments were not properly reflected in the court minutes. The State filed a response arguing that the same allegation had been determined to be without merit in the Petitioner's Rule 36.1 motion and that the Petitioner was not entitled to habeas corpus relief. On August 2, 2016, the trial court summarily denied the petition. The Petitioner filed a timely notice of appeal.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A petitioner bears the burden of establishing a void judgment or illegal confinement by a

preponderance of the evidence. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Having previously determined that no illegality occurred regarding the entry of the indictments on the trial court's minutes that would have deprived the court of jurisdiction, we conclude the Petitioner's allegation for habeas corpus relief to be without merit. Accordingly, we affirm the judgment of the Morgan County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE