IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

06/26/2017

Clerk of the
Appellate Courts

## MARQUISE HARRIS v. GERALD MCALLISTER, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-15-CR-7     Lisa Rice, Judge**

_____

### No. E2015-01218-CCA-R3-HC

_____

The pro se petitioner, Marquise Harris, appeals as of right from the Johnson County Criminal Court's order summarily dismissing his fourth petition for writ of habeas corpus alleging that his 2006 guilty-pleaded convictions for two counts of attempted first degree murder, two counts of aggravated assault, and one count of felonious possession of a weapon are void because the general sessions and trial courts did not have jurisdiction over him due to his alleged mental incompetency. The State has filed a motion to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Marquise Harris, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; and Tony Clark, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On January 13, 2006, the petitioner pleaded guilty to two counts of attempted first degree murder, two counts of aggravated assault, and one count of felonious possession of a weapon and was sentenced to a total effective sentence of 23 years' incarceration as a standard offender. The petitioner did not seek a direct appeal of his convictions or sentence.

On July 8, 2008, the petitioner filed his first petition for writ of habeas corpus, alleging that the sentence imposed was illegal, that he was denied a mental evaluation, that an unconstitutional arrest and search had occurred, and that his trial counsel was ineffective. The trial court denied the petition without a hearing for failing to state a cognizable habeas corpus claim. The petitioner improperly sought a direct appeal to the Tennessee Supreme Court, which was denied on August 26, 2008. *State v. Marquise Harris*, W2008-01853-SC-OT-HC, Order (Tenn. Aug. 26, 2008).

On October 22, 2008, the petitioner filed a second petition for writ of habeas corpus, alleging the same claims. The trial court again denied the petition without a hearing for failing to state a cognizable claim. This court affirmed the trial court's order on appeal. *Marquise Harris v. State*, M2009-01834-CCA-R3-HC (Tenn. Crim. App., at Nashville, May 21, 2010).

On June 28, 2010, the petitioner filed a third petition for writ of habeas corpus, alleging that an unconstitutional transfer to the Middle Tennessee Mental Health Institute deprived the trial court of jurisdiction and that counsel was ineffective for failing to challenge the transfer. The trial court summarily dismissed the petition. This court affirmed the trial court's order on appeal, and the supreme court denied review. *Marquise Harris v. State*, M2010-01905-CCA-R3-HC (Tenn. Crim. App., at Nashville, Jan. 21, 2011), *perm. app. denied* (Tenn. Apr. 13, 2011).

On January 31, 2011, the petitioner filed his first petition for post-conviction relief, which was summarily dismissed for filing outside the statute of limitations. On appeal, this court affirmed the summary dismissal, and the supreme court denied review. *Marquise Harris v. State*, M2011-00941-CCA-R3-PC (Tenn. Crim. App., at Nashville, Mar. 16, 2012), *perm. app. denied* (Tenn. Nov. 26, 2012).

On February 12, 2015, the petitioner filed this latest petition for writ of habeas corpus, alleging that the trial court had no jurisdiction over him due to his incompetence. The trial court summarily dismissed the petition for failing to state a cognizable claim. The petitioner filed a timely notice of appeal. The State filed a motion to affirm the trial court's judgment by memorandum opinion. Tenn. Ct. Crim. App. R. 20. The petitioner filed a motion seeking permission to file a late response to the State's motion. By this opinion, we grant the petitioner's motion to file a late response. Upon full review, however, we conclude that the State's motion is well-taken and affirm the trial court's judgment by memorandum opinion pursuant to Rule 20.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn.

1999).  In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences.  *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).  A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence.  *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).  Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void.  *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State correctly asserts that the petitioner's claim of mental incompetency precluding the trial court's jurisdiction over his guilty pleas is not cognizable in a habeas corpus proceeding.  Such an attack on the constitutionality of a conviction would be more apt to a petition to post-conviction relief.  However, the petitioner failed to file a timely post-conviction petition and, as noted previously by this court, the petitioner has never presented any evidence to toll the post-conviction statute of limitations.  *See Marquise Harris*, M2011-00941-CCA-R3-HC, slip op. at 2.  Once again, the petitioner has simply failed to state any claim that the judgments in this matter are void on their face entitling him to habeas corpus relief.

Accordingly, we affirm the judgment of the Johnson County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE

3