IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**JEFFREY YATES v. RANDY LEE, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. CC-16-CR-176     Stacy L. Street, Judge**

_____

**No. E2017-00201-CCA-R3-HC**

_____

The pro se Petitioner, Jeffrey Yates, appeals as of right from the Johnson County Criminal Court's order denying his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the Johnson County Criminal Court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jeffrey Yates, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Benjamin A. Ball, Senior Counsel, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On November 16, 2016, the Petitioner filed a petition for writ of habeas corpus, alleging that his 2003 judgment of conviction for aggravated robbery was void because the judgment did not indicate whether his sentence was to be served concurrently or consecutively to a prior sentence for which he was on parole at the time of the new offense. The trial court summarily dismissed the petition for failing to state a cognizable claim. The Petitioner filed a timely notice of appeal.

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we

will review the trial court's findings de novo without a presumption of correctness. *Id*. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt*, 24 S.W.3d at 322; *see also* Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83).

The Petitioner asserts that his 2003 judgment of conviction for aggravated robbery is void because the judgment is silent as to whether the thirty-year sentence imposed for aggravated robbery is to be served consecutively to or concurrently with an eighteen-year sentence, imposed in 1993, for especially aggravated kidnapping, for which he asserts he was on parole at the time of the new offense. The Tennessee Rules of Criminal Procedure require consecutive service of a sentence imposed "for a felony committed while on parole for a felony." Tenn. R. Crim. P. 32(c)(3)(A). Assuming that the Petitioner committed the aggravated robbery while on parole, the thirty-year sentence must be served consecutively to the paroled sentence. That said, the absence of any order of consecutive service would not render the judgment for aggravated robbery illegal because Tennessee Rule of Criminal Procedure 32(c)(3) also states that "the sentence shall be consecutive whether the judgment explicitly so orders or not." For this reason, our supreme court has determined that a petitioner is not entitled to habeas corpus relief based upon the absence of an explicit order of consecutive sentencing for an offense committed while on parole. *Hogan v. Mills*, 168 S.W.3d 753, 756 (Tenn. 2005). Therefore, we conclude that the Petitioner is not entitled to relief in this matter.

Accordingly, we affirm the judgment of the Johnson County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE